## MOORE v. CHRISTIAN.

1. An order of non-suit may be rescinded by the Circuit Judge at any time during the same term.
2. Where the complaint alleges a promissory note and the answer admits

it, the character of the note is concluded by the pleadings, and an order of non-suit, based upon testimony that this note was in fact a sealed note, was erroneous.

3. When the complaint alleges an indebtedness for money lent evidenced by a promissory note, which the answer admits, but the evidence is that the note was under seal, it is a variance between the *allegata* and *probata*, but not a ground of non-suit.

4. An amendment to a complaint alleging that the note sued on was a sealed note (instead of a promissory note, as originally stated), is not a substantial change in plaintiff's claim, and is therefore permissible.

5. An order at the trial permitting an amendment to the complaint in a certain particular "and otherwise as he may be advised to be material to his cause of action *stated in said complaint*," is not objectionable, as the words italicised limit the amendment so as not to substantially change the claim.

6. An order permitting an amendment should limit the time, but failure to do so is not error of law.


Before FRASER, J., Abbeville, January, 1889.


This was an action by Thos. L. Moore, as administrator of Eliza Perrin, against Thomas M. Christian, commenced in January, 1888. The opinion states the case.


*Mr. E. B. Gary*, for appellant.

The order to rescind was erroneous because the order for non-suit was proper. 27 *S. C.*, 622. The amendment materially changed the claim. 14 *S. C.*, 357; 25 *Id.*, 415. The third exception is well taken. 21 *S. C.*, 241. As to the fourth exception, see 13 *S. C.*, 496.


*Messrs. Perrin & Cothran*, contra.

As to 1st exception counsel cited 26 *S. C.*, 424; *Code*, §§ 190, 191. 2d exception, 18 *S. C.*, 315; 27 *Id.*, 95; *Code*, 194; 26 *S. C.*, 424. 3rd exception, 27 *S. C.*, 95.


July 16, 1889. The opinion of the court was delivered by

MR. JUSTICE McIVER. The complaint in this case was divided into four distinct and separate paragraphs. By the first, appropriate allegations as to the character in which plaintiff sues, are made. In the second, the allegation is that the intestate, Eliza

Perrin, some years before her death loaned to the defendant the sum of one hundred dollars, and that defendant, "as an evidence and in acknowledgment of the said indebtedness made his promissory note at Abbeville Court House on the same day the money was lent to him, and thereby promised to pay to the said Eliza Perrin, one day after the date thereof, the sum of one hundred dollars, with interest at 7 per cent. per annum, for value received." In the third paragraph it is alleged that the interest "on said indebtedness" was paid up to the time of the death of Eliza Perrin. The allegation in the fourth paragraph is that defendant took possession of said note and destroyed it some time after the death of Eliza Perrin, and has refused upon demand to pay the same, and that plaintiff is "the lawful owner of the said debt." Wherefore judgment is demanded "for the said principal sum and interest." The answer contains no general denial of the allegations of the complaint, but is confined to specific denials of paragraphs three and four of the complaint, and sets up two specific defences which are not pertinent to the present inquiry.

At the trial a witness offered by the plaintiff, having testified "that the note given in evidence of the loan by Eliza Perrin to T. M. Christian was a sealed note," the plaintiff moved to amend by inserting the word "sealed" in place of the word "promissory" note in the second paragraph of said complaint. This motion was then refused and a non-suit was granted on the ground of "an entire failure of proof on part of plaintiff as to the cause of action stated in the complaint." Subsequently, and before the jury dispersed, the Circuit Judge reconsidered his order of non-suit and granted another order of the following purport: that the order of non-suit be rescinded, "and that the plaintiff have leave to amend his complaint by striking out the word promissory in section second of said complaint and inserting in lieu thereof the word sealed, and otherwise as he may be advised to be material to his cause of action stated in said complaint, and defendant have leave to answer in twenty days after service of complaint," upon which the case was continued to the next term of the court. A few days afterwards the amended complaint was served.

From this order defendant appeals upon four grounds: 1st. Because of error in rescinding the order of non-suit. 2nd. Be-

cause of error in granting the leave to amend. 3rd. Because of error in permitting the plaintiff to amend his complaint "otherwise as he may be advised to be material to his cause of action stated in said complaint." 4th. Because of error in not limiting the time within which such amendments must be made. At the same time that the amended complaint was served, a notice was also served that plaintiff would ask the Supreme Court to sustain the order rescinding the order of non-suit, on the ground "that the order of non-suit was erroneously granted, there being evidence before the court tending to sustain the cause of action stated in the complaint, which should have gone to the jury."

The first ground of appeal may be considered under two aspects. 1st. As presenting a question of jurisdiction—whether the Circuit Judge had the power to rescind the order of non-suit, even if erroneously granted. 2nd. Whether the order of non-suit was in fact erroneous. As to the first view, it is too well settled to admit of argument that, at least during the same term, the Circuit Judge has the power to correct any errors into which he may have inadvertently fallen. Inded, this is impliedly conceded by counsel for appellant, who does not make the point in his argument.

2nd. Was the order of non-suit erroneously granted ? We think it clear that it was, even aside from the amendment allowed. It will be observed that there was no denial of any of the allegations contained in the second paragraph of the complaint, and hence, under the express provisions of the code, those allegations should have been taken to be true. The question, therefore, as to the kind of note by which the debt sought to be recovered was evidenced was not an open one, but was concluded by the pleadings. Upon this ground, therefore, the order of non-suit was clearly erroneous. But in addition to this there was no failure of proof as to the cause of action, but simply a variance between the *allegata* and *probata* as to the manner in which the real cause of action was evidenced. The plaintiff alleged, in the second paragraph of his complaint, that his intestate had loaned to the defendant a certain sum of money, and "as an evidence, and in acknowledgment of the said indebtedness" had taken his promissory note, whereby he promised to pay said intestate the said sum of money at a time specified therein, and these allegations

having been admitted by the course of defendant's pleading, the plaintiff would clearly have been entitled to judgment, unless the defendant had made good some one of his defences. There was therefore clearly no room for a non-suit.

The second ground of appeal cannot be sustained. The amendment allowed made no substantial change in the plaintiff's claim, and was therefore permissible under the provisions of the Code. *Sibley* v. *Young*, 26 S. C., 415.

Nor do we think that the third ground of appeal was well taken. While it may be true that an order for leave to amend, in general terms, as the party may be advised, without qualification, would be objectionable, as involving a permission to make any amendment, even though the claim or defence should be thereby substantially changed, which would not be permissible at the stage of the case at which the amendment here in question was allowed, yet such is not the character of the leave granted in the present case. On the contrary, the general terms used are so qualified as to limit the permission to such as would not substantially change the plaintiff's claim. If the order had simply granted plaintiff leave to amend "otherwise as he may be advised," it would have been amenable to the objection taken. But qualified as it is by the additional words—"material to his cause of action stated in said complaint," we do not think subjects it to the objection. These additional words were doubtless added for the very purpose of so limiting the right to amend as that the plaintiff's claim should not thereby be substantially changed; and this, we think, is the legitimate construction of the terms of the order.

As to the fourth ground of appeal, while it may be the better practice that an order granting leave to amend should always limit the time within which such amendment should be made, yet we cannot say there was any error of law in failing to do so in this case. The power of amendment is left largely to the discretion of the Circuit Judge, who is invested with the right to prescribe the terms upon which he thinks it just that the leave should be granted, one of which usually is that the amendment shall be made within a time prescribed; yet if the Circuit Judge sees fit to omit fixing that as one of the terms, we cannot say that

he has committed any error of law. Besides, it is manifest in this case that no harm has resulted from the omission, for it is stated in the "Case" that the amendment was made and the amended complaint served within some ten or twelve days after the leave was granted; and, in any case, we suppose the Circuit Court would have the power to prevent any improper delay by subsequent orders for that purpose.

The judgment of this court is, that the order appealed from be affirmed.