7210

## BROWN v. SOUTHERN RY.

1. RAILROADS—EVIDENCE.—In an action against a railroad company for injury to a section hand by unloading rails with a defective tong, it is not error to admit evidence as to unloading with ropes, there being evidence previously admitted to the same effect and no showing that such evidence was prejudicial.

2. PRINCIPAL AND AGENT—EVIDENCE.—Evidence by one that he had been sent by defendant to confer with plaintiff about the claim makes admissible evidence of plaintiff that he had charge of making settlements.

3. MASTER AND SERVANT—APPLIANCES.—There being no evidence here tending to show duty of master in providing safe appliances had been by him delegated to plaintiff, it is not error to omit to give jury an instruction as to the effect of such delegation, especially in absence of such request.

Before HYDRICK, J., Anderson, Fall term, 1908. Affirmed.

Action by H. P. Brown against Southern Railway Company. From judgment for plaintiff, defendant appeals.

*Messrs. Bonham, Watkins* and *Allen,* for appellant, cite: *Liability of master when servant is charged with inspection:*

41 S. E., 981; 47 S. E., 586; 55 S. C., 939; 70 S. C., 470; 72 S. C., 346, 97, 242, 270; 75 S. C., 103; 62 S. C., 398.

*Messrs. Martin & Earle,* contra.

June 9, 1909. The opinion of the Court was delivered by

Mr. Justice Gary. The following statement is set out in the record: "This action was brought by the plaintiff to recover of defendant one thousand dollars' damages, alleged to have been sustained by him by the falling of a rail on his foot April 1, 1907, whilst he was in the employ of defendant as section foreman of a gang of hands engaged at or near Pelzer, S. C., in laying rails; the specific act of negligence being that a pair of tongs in use by said gang broke, thus causing the rail to fall on plaintiff's foot. The case was tried before Judge Hydrick and a jury at fall term of the Court of Common Pleas for Anderson County, S. C., and resulted in a verdict for one hundred dollars, upon which judgment was entered. In due time the defendant gave notice of its intention to appeal."

The defendant denied the allegations of the complaint, and alleged that the injury suffered by the plaintiff was caused by his own lack of care, and that he negligently contributed to said injury.

The first exception is as follows: "Because the Court erred in allowing plaintiff, after objection, to testify as to the manner of unloading rails with a rope, the same being inapplicable to any issue in the case, and the effect of such unloading being purely speculative and a matter of opinion." This exception can not be sustained, for the reason that there was other testimony to the same effect introduced without objection; and, further, it was not made to appear that said testimony was prejudicial.

The second exception is as follows: "Because his Honor erred in permitting plaintiff to say, objection being made,

that Mr. Martin had charge of making settlements, there being no *scintilla* of proof that Mr. Martin had authority to make settlements for respondent." This exception must be overruled, for the reason that Martin testified he was sent by the defendant to confer with the plaintiff with reference to an adjustment of the claim.

The third exception is as follows: "Because, it appearing that it was the duty of the plaintiff to inspect the tools with which he worked, it was error on the part of the Circuit Judge to charge as follows: 'The servant has a right to assume that the master has discharged the duty imposed on him by law for the safety of his servants. In other words, he may rely upon it that the tools and appliances furnished are safe and suitable, and that the working force is sufficient.' The error being, that it being shown that these duties had been delegated by the master, in this instance, to the plaintiff; if there was any negligence on his part he can not complain, because his negligence contributed to the accident." There was no testimony tending to show that the duties therein mentioned had been delegated by the defendant to the plaintiff.

Furthermore, the charge contained a sound proposition of law, and if the defendant desired that there should be an additional charge it was its duty to submit requests to that effect.

The fourth exception is as follows: "Because the Circuit Judge erred in limiting in his charge the defense to the single one of contributory negligence, which implies negligence on the part of the defendant, whereas defendant set up as a defense that plaintiff's own negligence brought about his injury." His Honor, the Circuit Judge, stated clearly to the jury the issues raised by the pleadings, and when the charge is considered in its entirety it will be seen that it is free from the assigned error.

It is the judgment of this Court that the judgment of the Circuit Court be affirmed.