8666

## CITIZENS SAVINGS BANK v. EFIRD.

PLEADINGS—AMENDMENTS—ALLEGATION AND PROOF.—Where suit on note is brought ·in name of one corporation which formerly owned it under allegation that it owned the note, but whose stock was owned by another corporation which took over all the assets ·of the first, including the note, and changed its name, the plaintiff should not be nonsuited, as it appeared that the suit in name of first corporation was a mistake, but it should be permitted to amend its complaint by substituting the name of the last corporation, which owned the note. when suit was brought.

Before BOWMAN, J., Lexington, February term, 1913. Reversed.

Action by Citizens Savings Bank of Columbus, Ohio, against D. F. Efird *et al.*   Plaintiff appeals.

*Mr. J. B. Wingard,* for appellant, cites: *Change of name does not alter powers of bank:* 7 Ency. 687; 62 Fed. R. 678. *Defendants not mislead by variance:* 33 S. C. 562; 6 S. C. 130; 55 S. C. 90; 82 S. C. 311.

*Messrs. Thurmond, Timmerman & Callison* and *Efird & Dreher,* contra, cite: *Motion to amend is addressed to Court's discretion:* 18 S. C. 315; 70 S. C. 550.   *Amendment stating a wholly different and new cause of action is not proper:* 18 S. C. 513; 24 S. C. 474; 119 Fed. 706; 21 S. C. 26, 225; 81 S. C. 574; 82 S. C. 409.   *Plaintiff had no cause of action:* 34 Ark. 144; 14 N. Y. 506; 60 Conn. 393; 1 Cyc. P. & P. 546; 82 S. C. 409.

October 9, 1913.   The opinion of the Court was delivered by

MR. JUSTICE HYDRICK.   Under date of February 6, 1907, the defendants made and delivered to McLaughlin Brothers

their joint and several note, payable to their order one year after date. On December 6, 1907, the payees discounted said note at the Citizens Savings Bank, of Columbus, Ohio. Thereafter, on October 30, 1909, The Ohio Trust Company, being the owner of the entire capital stock of the Citizens Savings Bank, took over all the assets of the bank, including said note, and, on that day, the stockholders of The Ohio Trust Company changed its corporate name to The Citizens Trust and Savings Bank. Thereafter, this action was brought on said note in the name of Citizens Savings Bank, and it is alleged in the complaint that said bank is the owner and holder of said note. That allegation is among others, denied by the defendants.

When the facts above stated came out in the evidence introduced by plaintiff at the trial, the defendants moved for a nonsuit, on the ground that there was a fatal variance between the allegation and proof as to the ownership of the note sued on. The plaintiffs' attorney moved for leave to amend by changing the name of the plaintiff from Citizens Savings Bank to The Citizens Trust and Savings Bank, so as to make the allegation conform to the evidence. The Court refused the motion and granted a nonsuit.

The Code of Procedure was adopted for the purpose of getting the Courts away from the technicalities of common law pleading and practice, under the rules of which the utmost precision was required, and the most intricate distinctions were drawn, which too frequently sacrificed substance to form and defeated substantial justice. Hence, the Code has made liberal provisions with respect to allowing amendments, and the legislature has declared that the Code must be liberally construed, with the view to the doing of substantial justice. In the chapter which deals with "Mistakes in Pleadings and Amendments," we find section 220, which reads: "No variance between the allegation in a pleading and the proof shall be deemed material unless it have actually misled the adverse party, to his prejudice, in main-

taining his action or defense, upon the merits.    Whenever it shall be alleged that a party has been so misled, that fact shall be proved to the satisfaction of the Court, and in what respect he has been misled; and thereupon the Court may order the pleading to be amended, upon such terms as shall be just."    Section 221 provides that, where the variance is not material, the Court may direct the fact to be found according to the evidence, or order an immediate amendment.    Section 222 provides that where the allegation of the cause of action or defense is not proved, not in some particular or particulars only, but in its entire scope and meaning, it shall not be deemed a case of variance within sections 220 and 221, but a failure of proof.    Section 224 provides: "The Court may, before or after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading, process, or proceedings, by adding or striking out the name of any party; or by correcting a mistake in the name of the party, or a mistake in any other respect; or by inserting other allegations material to the case; or, when the amendment does not change substantially the claim or defense, by conforming the pleading or proceeding to the facts proved."    Section 227 reads: "The Court shall, in every stage of action, disregard any error or defect in the pleadings or proceedings, which shall not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect."

The facts and circumstances warrant no other conclusion than that the action was brought in the name of Citizens Savings Bank through mistake.    It is equally clear that defendants have not been misled thereby to their prejudice, in maintaining their defense on the merits.    At any rate, they have not even alleged that they have been so misled, to say nothing of their failure to even attempt to comply with the requirement of section 220 by *proving* to the satisfaction of the Court wherein they have been misled.

In *Roundtree* v. *Ry.,* 72 S. C. 477, 52 S. E. 231, Mr.
Chief Justice Gary, delivering the opinion of the Court,
quotes with approval from *Ahrens* v. *Bank,* 3 S. C. 410, as
follows (the section numbers in the quotation being changed
to correspond with the numbers of the same sections in the
Code of 1912) : "Under section 220, no variance is to be
regarded as material unless it has actually misled the party,
and in that case his remedy is to satisfy the Court immedi-
ately, by proof by affidavit, that he has been so misled.
The effect of such proof is not to prevent the Court from
allowing an amendment to such case, but to entitle the
party prejudiced by such amendment either time or such
other compensatory terms and conditions as may be reason-
able.   The object of the Code is to secure to parties, acting
in good faith, the fullest right to rectify, by amendment,
any defect in pleading, the result of misapprehension, inad-
vertence, or accident, but at the same time to protect, as far
as possible, the substantial rights of the party prejudiced by
such amendment.   If the party prejudiced by such variance
does not take advantage of the remedy afforded by section
220, then, under section 221, it is the duty of the Court to
disregard the variance as immaterial, and either to order an
immediate amendment or to direct the fact to be found
according to the evidence.   Section 222 was intended to
guard against the application of sections 220 and 221 to
cases which are not, properly speaking, cases of variance,
but where the party has proved, on the trial, a state of facts
foreign to the allegations of the pleadings, and having the
effect to leave the facts alleged in the pleadings unproved
in their 'entire scope and meaning.'   It is obvious that vari-
ances, involving nothing more than technical differences
between the allegations and proofs, can only be made
material in the mode pointed out in section 220. * * * Under
the foregoing provisions of the Code (220 and 221), a
motion for a nonsuit is not the proper mode of taking
advantage of any variance that might have occurred; nor

can this Court set aside the judgment, if sustained by the proofs, on the ground of any such variance in view of the provisions of the Code in question."

In *Bull* v. *Lambson*, 5 S. C. 288, the syllabus reads: "In an action against two as copartners, the Court may, at the close of plaintiff's case, and after motion for nonsuit, on the ground that neither a copartnership nor other joint liability had been shown, allow the plaintiff, under section 96 (224, *supra*) of the Code, to amend by striking out the name of one defendant and proceeding against the other individually."

In *Coleman* v. *Heller,* 13 S. C. 491, the action was brought in the name of Geo. H. Coleman on·certain school certificates, and it was alleged that he was the owner of them. At the trial, it appeared, from the plaintiff's own testimony, that the certificates belonged to his wife, S. A. Coleman. Thereupon, the defendant moved for a nonsuit, as was done in the present case. The Court refused the motion, and granted an order, moved for by the plaintiff, to substitute his wife, S. A. Coleman, in his place on the record as plaintiff. The defendant's attorneys then moved for time to prepare their defense to the action of S. A. Coleman, alleging that they could not make their defense to that action without an opportunity for preparation. The Court refused their motion, and held that they could set up the same defense to the action of S. A. Coleman which they had proposed to set up against that of Geo. H. Coleman. On appeal from judgment of S. A. Coleman, this Court, in construing the sections of the Code above cited, held: "It was in the discretion of the trial Judge at the trial in furtherance of justice, to grant an order striking out the name of one person and inserting that of another as plaintiff." On page 496, the Court said: "In the case of *Jennings* v. *Springs,* Bail. Eq. 181, Chancellor De Saussure had granted an order permitting the complainant, Jennings, to amend

his bill by substituting the names of the executors of Pressly for his own, the bill having been filed by him as their agent, and his own name erroneously inserted. Appeal was taken, and the court of appeals held that it was within the discretion of the Court to permit a bill to be amended by substituting the name of a new for an original complainant, even after answer filed, but upon reasonable terms." But it was held, in *Coleman* v. *Heller,* that it was error to refuse the motion of defendant's attorneys for time to prepare their defense to the action of S. A. Coleman, the substituted plaintiff, and, on that ground, a new trial was granted.

In *Tarrant* v. *Gittelson,* 16 S. C. 231, the second and third syllabi read: "2. The complaint alleged that the defendant was 'indebted to plaintiff in the sum of $100 for work, labor and services done,' etc. Upon objection made by defendant to the introduction of evidence to prove a special contract, the trial Judge permitted the plaintiff to amend his complaint so as to allege a special contract, and then received the evidence. *Held,* that the amendment was permissible under section 196 (224, *supra*) of the Code. 3. The amendment was opposed by defendant, but time to answer was not asked for. It was within the discretion of the Circuit Judge to allow the trial to proceed on the amended complaint."

The foregoing cases show clearly that the Court erred in refusing plaintiff's motion to amend. See, also, *Sibley* v. *Young,* 26 S. C. 415, 2. S. E. 314; *Moore* v. *Christian,* 31 S. C. 338, 9 S. E. 981; *State* v. *Scheper,* 33 S. C. 576, 11 S. E. 623; *Booth* v. *Langley,* 51 S. C. 412, 29 S. E. 204; *Mew* v. *R. Co.,* 55 S. C. 90, 32 S. E. 828; *Adams* v. *R. Co.,* 68 S. C. 409, 47 S. E. 693; *Sevier* v. *R. Co.,* 80 S. C. 311; *Taylor* v. *R. Co.,* 81 S. C. 574, 62 S. E. 1113; *Brown* v. *R. Co.,* 83 S. C. 557, 64 S. E. 961; *Seigler* v. *R. Co.,* 85 S. C. 345, 67 S. E. 903.

Reversed.

MR. JUSTICE WATTS *dissents and thinks judgment should be affirmed.*

MR. JUSTICE FRASER *concurs in result, in the opinion of* MR. JUSTICE HYDRICK.