## 9144

### POOL v. CAROLINA TRACTION CO.

#### (85 S. E. 897.)

PLEADINGS. ISSUES. STREET RAILWAYS. COLLISIONS. EVIDENCE. DIAGRAMS. NEW TRIAL. APPEAL AND ERROR.

1. MASTER AND SERVANT—INJURY TO SERVANT—ACTIONS—PROOF AND VARIANCE.—Under Code Civ. Proc., secs. 220, 221, 224, 227, providing that a variance shall not be deemed material unless it has actually misled the adverse party, and authorizing the Court to order amendment during the trial to make the pleadings conform to the proof, the variance between the complaint, alleging that an employee was injured in a collision between two cars by the negligence of the employer, and the proof, that the cars came so close together as to injure plaintiff, is not material, and is not prejudicial to defendant.

2. APPEAL AND ERROR—HARMLESS ERROR—DEMONSTRATIVE EVIDENCE—PICTURES IN TEXTBOOKS.—It is not prejudicial error to admit in evidence a picture in a textbook on anatomy, to give the jury some

FOOTNOTE.—As to use of scientific books and treatises as evidence, see notes in 40 L. R. A. 533 to 575; medical books as evidence, 19 A. & E. Ann. Cas. 1002.

idea of the thing attempted to be described, and thereby make the picture no more than a diagram.

3. NEW TRIAL—APPEAL AND ERROR.—Where the record fails to disclose a motion for new trial on Circuit, exceptions to its refusal should be overruled.

Before HON. C. M. EFIRD, special Judge, York, December, 1914.  Affirmed.

Action by J. C. Pool against Carolina Traction Company. From a judgment for plaintiff, defendant appeals.

*Messrs. Wilson & Wilson,* for appellant, cite: *As to pleadings:* Bryan's Code Pleading, secs. 249, 252, 254. *Diagram from Gray's Anatomy, p. 527, in evidence:* 12 Cush. 193; 59 Am. Dec. 178; 9 A. & E. Enc. of L. 888, note 1, and 887, note 2.

*Mr. J. Harry Foster,* for respondent, cites: *As to pleadings:* Code Civ. Proc. 220, 224, 227; 96 S. C. 21; 55 S. C. 101; 72 S. C. 478. *Collison:* 58 Am. Dec. 622; 2 Words & Phrases, 1259. *Diagram:* 46 S. C. 59; 57 S. C. 447; 46 S. C. 55; 40 S. C. 134; 69 S. C. 104. *Harmless error:* 41 S. C. 420; 69 S. C. 165; 36 S. C. 373; 40 S. C. 93; 27 S. C. 63; 53 S. C. 451. *Exceptions not sustained by record:* 79 S. C. 53; 76 S. C. 128; 72 S. C. 125; 82 S. C. 534; 72 S. C. 411.

July 26, 1915.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This is an action for damages alleged to have been sustained by the plaintiff, an employee of the defendant, in a collision between two cars occasioned by the alleged negligence of defendant.  The cause was tried before special Judge, C. M. Efird, at York, S. C., in December, 1914, and resulted in a verdict in favor of the plaintiff for $500.

Defendant appeals and asks reversal.  Appellant's 1st, 2d, and 3d exceptions allege error on the part of the presid-

ing Judge in refusing defendant's motion for a nonsuit on the ground that while the complaint alleged, that the plaintiff was injured by one car moving in collision with another car, there was not a scintilla of evidence to sustain this allegation, which was the sole alleged cause of the injury, and as there was no evidence of any collision, the cause of action should have been nonsuited. These exceptions must be overruled, as the defendant could not have been misled to his prejudice by the allegations of the complaint. It was advertised fully as to what it had to meet, and no substantial right of the defendant was affected to such an extent as to mislead it to its prejudice; and it was not made to appear to the Court in what respects it had been misled, and the variance between the proof and allegation was regarded by the Court as immaterial; and the Court had full power to order an amendment during the trial to have the allegations conform to the evidence, and at the same time protect as far as possible the substantial rights of the party prejudiced by such amendment. If a party is surprised and prejudiced by such amendment and that satisfactorily appears to the Court by affidavit or otherwise the Court granting the amendment should continue the case and give the party prejudiced by such amendment ample time to prepare to meet it if not to proceed with the trial. The variance was not prejudicial to the defendant; defendant could infer from the pleadings in the cause that plaintiff was injured by collision of cars, whether the cars collided with each other, or collided with the plaintiff, if they were negligently propelled by the defendant's agents and servants, and this negligence was the controlling cause of plaintiff being struck and injured by one car or both; it advertised the defendant substantially of the issue it had to meet and under the allegations of the complaint defendant could not in any way have been misled. His Honor had ample authority to rule as he did under sections 220, 221, 224 and 227 of the Code of Civil Procedure, and the cases of *Mew* v. *Railroad,*

55 S. C. 101, 32 S. E. 828; *Savings Bank* v. *Efird*, 96 S. C. 21, 79 S. E. 637; *Koennecke* v. *S. A. L. Ry.,* 101 S. C. 86, 85 S. E. 374.

All issues of fact were submitted to the jury under proper instructions and there was sufficient evidence to carry the case to the jury. Appellant's 4th and 5th exceptions allege error of the Judge in admitting in evidence over objection of defendant, page 527 of Gary's Anatomy and pictures represented thereon. The Judge ruled and admitted it as a picture, it was admitted so as to make it no more than a diagram and it was competent for what it was worth as such. It was introduced simply to give the jury some idea of the thing attempted to be described and was for their consideration for what it was worth and it is hard to conceive in what view it could be made to appear that it was prejudicial to the defendant, and if it could be in any manner thought to be erroneous it was harmless.

These exceptions are overruled.

The 6th exception assigns error in the refusal of the Judge to grant a new trial. The record fails to disclose that any such motion was made before the trial Judge or that he ruled thereon, and as we are of opinion that all exceptions should be overruled the judgment is affirmed.