## 9444

HUEY *ET AL.* v. HAMILTON CARHARTT COTTON MILLS.

*IN RE* CARHARTT.

(89 S. E. 477.)

APPEAL AND ERROR—ORDER—AMENDMENT OF SUMMONS AND COMPLAINT—EFFECT.—An order as to amendment of summons and complaint, properly construed, giving neither party any right which he did not have without it, and defeating no right that either had without it, appeal of neither can be sustained.

Before MOORE, J., York, January, 1916.   Affirmed.

Action by Elizabeth Huey and others against the Hamilton Carhartt Cotton Mills.   From order relative to amendment, bringing in as defendant Hamilton Carhartt, manufacturer, plaintiff and said Hamilton Carhartt, manufacturer, appeal.

*Mr. J. Harry Foster,* for appellant, submits: *Order affects questions·not noticed, nor before the Court:* 53 S. C. 111. *Variance in name of parties:* Code Civil Proc., sec. 224; 5 S. C. 288; 13 S. C. 491; 16 S. C. 231; 51 S. C. 412; 73 S. C. 477; 83 S. C. 557; 76 S. C. 189; 96 S. C. 19, 22. *As to amendment:* 90 S. C. 278; 81 S. C. 44; 103 S. C. 177.

*Messrs. Wilson & Wilson,* for defendants, cite: *As to*

*rules governing allowance of amendment:* 3 S. C. 410; 72 S. C. 447; 96 S. C. 21.

*Mr. Foster* also cites: *On the question of jurisdiction:* 79 S. C. 508; 71 S. C. 65; 69 S. C. 278; 72 S. C. 481; 70 S. C. 503; 35 S. C. 372; 51 S. C. 164. *Points not raised below are not to be considered on appeal:* 25 S. C. 227; 30 S. C. 455; 23 S. C. 70; 42 S. C. 356; 48 S. C. 432; 49 S. C. 27; 24 S. C. 564.

July 7, 1916.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

This appeal is based upon an order allowing an amendment to a summons and complaint. The following is the order:

"Notice of said motion to amend was served, by mail, upon Messrs. Wilson & Wilson, and by personal service upon W. G. Henderson. Mr. W. B. Wilson, Jr., appeared for Hamilton Carhartt, manufacturer, and stated at the hearing that such appearance was to the jurisdiction of the Court and without prejudice. After hearing arguments of the attorneys:

"(1) It is ordered that the summons and complaint be amended by inserting the name of Hamilton Carhartt, manufacturer, in lieu of the name of Hamilton Carhartt Cotton Mills, and further that the complaint be amended by striking out in the first paragraph of the complaint 'South Carolina' and insert instead the following: 'One of the States of these United States,' and that the summons and complaint so amended be served upon the defendant, Hamilton Carhartt, manufacturer.

"(2) It is further ordered that the defendant, Hamilton Carhartt, manufacturer, is expressly granted the right to remove the action to the United States Federal Court, and that the action heretofore had, or attempted, and this motion

and order to amend, do not operate in any way to the prejudice of defendant's right to said removal to said Federal Court.

"(3) It is further ordered that the defendant shall have 20 days after the service of said amended summons and complaint within which to answer or demur, or both, thereto.

"(4) It is further ordered that no costs, up to this date, shall attach to Hamilton Carhartt, manufacturer.

"That this order is granted over the objection of Hamilton Carhartt, manufacturer, and also all of said order appearing after the first paragraph hereof was granted over the objection of paintiff's attorney and on the suggestion of the defendant's attorney, who insisted that, if the motion to amend be allowed, the last three paragraphs be included in the order of the Court.   January 7, 1916."

The defendant appeals from paragraph 1, and the plaintiff from paragraphs 2, 3, and 4 (the numbers added by this Court). Neither of the appeals can be sustained because the order, as properly construed, defeats no right that either party had without the order.

1. Paragraph No. 1 allows the plaintiff to make a new summons and complaint and serve it on the defendant. The defendant in the first suit was a South Carolina corporation. The defendant in the second suit was a foreign corporation. The two defendants were entirely separate and distinct. It was not simply a mistake in the name, it was a different defendant. The plaintiff, therefore, had a perfect right to commence a new suit without an order of the Court. The defendant cannot complain as the order created no new right.

*Bank* v. *Efird,* 96 S. C. 18, 79 S. E. 637, is not authority here; that was a change of name merely and made on plaintiff's own motion. It is another thing to substitute an entirely new defendant and hold the new defendant responsible for the acts or default of the previous defendant.

2. The proper construction of paragraph 2 shows that the plaintiff was deprived of no right. The second part of paragraph 2 is merely explanatory of the first part and merely means that "the order shall not operate in any way to prejudice of defendant's right to said removal to said Federal Court." It does not adjudge the right to remove, but shall not destroy the right if it existed.

3. The third paragraph gives defendant 20 days in which to answer or demur. The defendant had the right to answer or demur in 20 days. Even if 20 days were not allowed, his Honor had the discretion to impose terms and there was no abuse of discretion.

4. The fourth paragraph disallowed previous costs. No way has been suggested to make the defendant responsible for costs that were incurred before it was made a party. The defendant offered to accept service, and it was altogether proper to relieve the defendant of the cost of service. The Judge had the right to impose terms in any event.

Both appeals are dismissed.

MR. CHIEF JUSTICE GARY and MESSRS. JUSTICES HYDRICK and WATTS concur in the result.

MR. JUSTICE GAGE did not participate in the consideration of this case.