CAROLINA GROCERY CO v. MOORE (TWO CASES).

1. PLEADINGS.—A VERIFICATION by an agent of a plaintiff in an action on notes and open account, in which he swears that he is the manager of plaintiff's business, that the notes were in his possession until delivered to plaintiff's attorney to be sued, and that the allegations as to the account were within his personal knowledge and true, is a proper verification.

2. JUDGMENT—DEFAULT—CALENDARS—WAIVER.—Where a defendant serves an unverified answer to a verified complaint which is immediately returned, and plaintiff places the case on calendars 1 and 3, and defendant moves on notice to have plaintiff required to accept his unverified answers, which is heard on calendar 3, upon refusal of the motion, it is proper to give plaintiff judgment by default; and the fact that plaintiff had also placed the case on calendar 1, is not a waiver of his right to demand judgment by default.

3. IBID.—There is no prejudicial error in giving two orders for judgment in one case.

Before ALDRICH, J., Barnwell, July, 1901.   Affirmed.

Two cases by Thos. Wilson, trading under the name and style of the Carolina Grocery Co., against W. W. Moore. From judgment for plaintiff, defendant appeals.

*Messrs. Bates & Simms,* for appellant, cite: *As to verification:* Code, 177, 178; 28 S. C., 181; 53 S. C., 15. *Plaintiff waived his right to ask for judgment by default:* Code, 276; Cir. Ct. Rules, 26; 55 S. C., 381; 48 S. C., 362; 46 S. C., 502; 42 S. C., 93; 34 S. C., 270; 23 S. C., 392.

*Mr. A. Howard Patterson,* contra, cites: *As to verification:* Code, 178; 28 S. C., 181; 13 Abb., 106; 14 Abb., 441;

11 How., 442; 7 How. Pr., 4; 15 How. Pr., 253; 2 Wait Pr., 338; Fitman's Trial Pro., sec. 443; 3 Duer., 613; 15 Abb. P., 326; 24 How. Pr., 49; 13 How., 225. *Default cases may be docketed at any time:* 13 S. C., 479; Cir. Ct. Rule, 26. *Party is not prejudiced by docketing a case:* 44 S. C., 536. *Defendant should have moved to strike case from calendar 3:* 3 Ency. P. & P., 809; 23 S. C., 392; 42 S. C., 92; 44 S. C., 119.

March 24, 1902. The opinion of the Court was delivered by

MR. JUSTICE JONES. The two cases above named were heard together. The first named case, commenced May 4, 1901, was upon three causes of action, two of which were founded upon promissory notes and the other was upon an account for goods sold and delivered. The second named case, commenced June 1st, 1901, was upon a promissory note. The defendant's attorney conceiving that the complaints had not been properly verified, served unverified answers, containing a general denial, but said answers were immediately returned to defendant's attorney for want of verification. Nothing more was done in the cases until more than fourteen days before the opening of the Court of Common Pleas for Barnwell County (which convened on the 16th of July, 1901), when, by direction of plaintiff's attorney, the cases were docketed for trial upon calendar No. 1. On the 6th of July, 1901, defendant's attorneys served upon plaintiff's attorney in each case a notice of motion to require plaintiff's attorney to accept said answers, the motions being noticed to be heard at the opening of the Court of Common Pleas; and on the 11th of July, 1901, defendant's attorneys served a further notice, that upon the hearing of the motion previously noticed, he would urge as an additional ground that plaintiff's attorney had waived his objection to said answers by docketing the cases for trial on calendar No. 1. These motions, at the instance of defendant's attorneys, were docketed upon calendar No. 2 for hear-

ing.    During the week preceding the opening of the Common Pleas, plaintiff's attorney had the cases placed upon calendar No. 3 as default cases.    This was the condition when the cases came up for a hearing on the call of calendar 3, July 17, 1901, when the presiding Judge, Hon. James Aldrich, passed an order overruling defendant's motion to require acceptance of the unverified answers, and providing that plaintiff have judgment for a specified sum in each case, and at the same time indorsed upon the complaint in each case the usual order for judgment by default.    From the judgments entered thereon the defendant now appeals upon exceptions assigning error: (1) in holding that the complaints were improperly verified; (2) in giving judgment by default, when the cases were on calendar 1 for trial, and no motion made to transfer or strike off; (3) in holding that the regular docketing by plaintiff on calendar No. 1 was not a waiver of plaintiff's previous objection to the answers and an acceptance thereof; and (4) in giving two orders for judgment in each of said cases.

1.    The complaint was properly verified.    The verification in the first named case was as follows, that in the second named case being practically the same: "State of South Carolina, County of Charleston.    Personally appeared before me, W. B. Wilson, who, being duly sworn, deposes and says, that he is the lawful agent of the plaintiff in this action; that he has read the foregoing complaint, and the allegations therein are true of his own knowledge.    The deponent's knowledge is derived from the fact that he was manager of the business carried on by the said plaintiff, Thomas Wilson, under the name and style of the 'Carolina Grocery Company,' and from the notes mentioned in said complaint which were in the possession of this deponent up to the time they were delivered to the plaintiff's attorney for the purposes of this suit and from the admissions of the defendant to this deponent.    Deponent further says that the reason why this verification is not made by the plaintiff is that the material allegations of the complaint are not within

the personal knowledge of the plaintiff. W. B. Wilson. Sworn to before me, this 29th day of April, A. D. 1901. [L. S.] D. M. Murphy, Notary Public S. C."

Sec. 178 of the Code of Civil Procedure provides that "The verification must be to the effect that the same is true, to the knowledge of the person making it, except as to those matters stated on information and belief, and as to those matters he believes it to be true; and must be by the affidavit of the party, or if there be several parties united in interest, and pleading together, by one at least of such parties acquainted with the facts, if such party be within the county where the attorney resides and capable of making the affidavit. The affidavit may also be made by the agent or attorney, if the action is founded upon a written instrument for the payment of money only and such instrument be in the possession of the agent or attorney, or if all the material allegations of the pleadings be within the personal knowledge of the agent or attorney. When the pleading is verified by any other person than the party, he shall set forth in the affidavit his knowledge or the grounds of his belief on that subject, and the reason why it is not made by the party, &c." This section shows that an agent may verify the pleadings in two cases: (1) where the action is founded upon a written instrument for the payment of money only, and such instrument be in the possession of the agent; (2) when all the material allegations of the pleadings are within the personal knowledge of the agent. *Hecht* v. *Frieslaben,* 28 S. C., 181. The verification shows that the affiant was the agent of the plaintiff not only by the general allegation to that effect, but by the statement that he was manager of the business carried on by plaintiff, and had possession of the notes in question until they were delivered to the attorney for suit. The verification shows in reference to the notes which are the bases of the first and second causes of action in the first named action, and in reference to the note in the second named action, that said notes were in the agent's possession until delivered to the attorney for suit.

We do not think that the mere fact that the agent had turned over the notes to an attorney for suit, rendered the agent incompetent to make an agent's verification, based upon his possession of the notes. For this purpose he would still be deemed in possession of the notes. In reference to the cause of action for goods sold and delivered, the purport of the verification is that the allegations are true to the knowledge of the agent, derived from the fact that he was plaintiff's business manager, and from admissions of the defendant to the agent. Without particularizing further, we think the verification complied with the terms of the statute as to all the causes of action, and the exceptions in this regard are overruled.

2. The second and third grounds of exception may be considered together. The complaint being properly verified, the failure of the defendant to serve a verified answer within the time required by law, made the case a default case, properly belonging to calendar 3, where it was placed at plaintiff's instance previous to the opening of the Court of Common Pleas, and where the case was heard along with defendant's motion to require an acceptance of the answer. The fact that the case was also on another docket, could not affect the validity of a judgment rendered upon the call of a case on its proper docket. The refusal of defendant's motion to require acceptance of the answer was practically a decision that the case was improperly docketed on calendar 1, and properly docketed on calendar 3 as in default. We agree with the Circuit Judge, also, that the placing of the case on the issue docket No. 1 was not a waiver of plaintiff's right to insist that the defendant was in default. To constitute a waiver, there must be an intentional relinquishment of a known right. The plaintiff may have so docketed the cases by mistake, there being a dispute as to whether an answer had been duly served, or he may have done so as a precautionary measure to secure a speedy hearing in the event the Court should hold that the defendant was really not in default. But the Circuit Court

has held that there was no such waiver, and in so far as such finding involved the intention with which plaintiff caused the cases to be placed on calendar No. 1, it is a finding of fact in a case at law, and is not reviewable here. The mere fact of docketing on calendar No. 1 was not in itself conclusive of an intention to relinquish his right to insist that defendant was in default, notwithstanding his tender of an unverified answer within the time required.

3. There was no prejudicial error in the giving of two orders for judgment in each case. Only one judgment in each case could be or was, in fact, entered.

The judgment of the Circuit Court is affirmed.