## GRIFFITH v. NEWELL.

1. WAIVER—PLEADINGS—CONDITIONS PRECEDENT.—If a waiver of a condition precedent in a mutual dependent contract be relied on by plaintiff, he must plead it in his complaint or answer.
   *Copeland* v. *Assurance Co.*, 43 S. C., 26, *distinguished.*
2. IBID.—That a party to such a contract paid for what he received thereunder while demanding his rights, does not justify an inference that he waived his rights.
3. IBID.—CHARGE that "waiver means acquiescence, and where a party insists on carrying out the contract all the time, it is not waiver," is not on the facts, and is not an erroneous statement of the doctrine of waiver.
4. SURETY.—WAIVER of stipulations in a contract by principal does not bind surety.
5. CONTRACTS.—Failure to notify contracting party in November, as provided in contract, that the full number of convicts called for by contract could not be furnished for next year, is material variation.

Before DANTZLER, J., Anderson, October, 1903. Affirmed.

Action by D. J. Griffith, superintendent of State penitentiary, against A. T. Newell and L. N. Geer. From judgment for defendants, plaintiff appeals.

*Messrs. Breazeale & Rucker,* for appellant. *Mr. Rucker* cites: *Defendant waived stipulation as to notice by making payments:* 15 Ark., 444; 7 Ency., 123; 5 Ia., 336; 2 Pet., 102. *Alteration does not discharge surety:* 2 Brandt of Sur. Guard., secs. 386-387; 6 Met., 186; 5 Gill *v.* John., 314; 5 Irish L. R., 124; Murphy on Of. Bonds, sec. 757; 5 S. C., 201; 4 Mey. Fed. D., 738. *Charge on facts:* 26 S. C., 160; 27 S. C., 549; 28 S. C., 4; 29 S. C., 108. *Waiver is for jury:* 20 Ency., 535; 7 Cush., 520; 30 N. Y., 64.

*Messrs. Bonham & Watkins,* contra, cite: *Question not in reply is incompetent:* 66 S. C., 32. *What is waiver:* 63 S. C., 188; 65 S. C., 532. *Charge complained of not on the facts:* 65 S. C., 269; 68 S. C., 304. *As to waiver by acquiescence:* 65 S. C., 482; 66 S. C., 464.

June 24, 1904. The opinion of the Court was delivered by

MR. JUSTICE JONES. The plaintiff brought this action against defendant, Newell, as principal and defendant, Geer, as surety for breach of a bond given to secure performance of Newell's contract with plaintiff's successor, W. A. Neal, as superintendent of the South Carolina penitentiary, for the hire of convicts for three years, 1899, 1900, 1901. The balance claimed to be due was $169.03 for hire of fourteen convicts and salary of guard for the months of November and December, 1901. As one of their defenses, defendants alleged as a set off, damages to the extent at least of the amount claimed in the complaint resulting from plaintiff's alleged breach of his contract to furnish twenty convicts each year.

The contract, executed January 2, 1899, contained the following as one of the stipulations on the part of the superin-

tendent of the penitentiary: "First. That the party of the
first part agrees to hire to the party of the second part twenty
(20) convicts to be worked at his or their place of business,
situated in Anderson County, for the purpose of doing
general farm work at the stipulated price of six and fifty
one-hundredths dollars per month per capita, for the period
of three years from the date of this contract, wages to be
paid monthly. If, however, at the beginning of the second
and third years, respectively, a sufficient number of convicts
are not available, then the contract to be subject to such
change as the party of the first part may direct: *Provided,*
That notice be given to the party of the second part at the
November meeting of the board of directors, of any intended
change."

The trial resulted in a verdict and judgment for the
defendants.

It is excepted that the Court erred in not permitting
plaintiff in reply to state whether "Newell paid for the con-
victs for the years 1899, 1900 and the greater part of 1901."

We think there was no error in this. The only
breach of the contract alleged in the complaint was
the failure of defendants to pay for the hire of con-
victs for November and December, 1901. It is contended,
however, that the evidence was competent in reply to show
that Newell had, by receiving and paying for less than
twenty convicts, waived that stipulation in the contract
authorizing the superintendent to furnish less than twenty
convicts after the first year, *"Provided,* That notice be given
to the party of the second part at the November meeting
of the board of directors of any intended change." There
was no evidence that any such notice had been given,
although there was evidence that in January, 1901, the secre-
tary of the board of directors of the penitentiary informed
Newell of the board's action to the effect that they could not
furnish the full number of convicts his contract called for,
but would do it later if possible. The plaintiff's action was
based upon the contract, and the complaint contained no alle-

gation that defendant had waived any of its terms. The contract provided the manner in which its terms might be changed so as to permit the superintendent to furnish less than twenty convicts the second and third year. It is true, this stipulation might be waived by defendants, but it is familiar law that in order for one party to recover of another party upon a mutual, dependent contract, the plaintiff must allege performance of all conditions precedent on his part, or if he relies upon a waiver of any such stipulations, or excuse for non-performance on his part, he must allege such waiver or excuse. 4 Ency. Pl. & Pr., 628, *et seq..* 9 Cyc., 719, sec. 183, Code Civil Procedure. Neither in the complaint, nor by way of reply to defendant's set off, is there any allegation of such waiver.

The foregoing statement of the law is not inconsistent with the rule as anounced in *Copeland* v. *Assurance Company,* 43 S. C., 26, 20 S. E., 754, and like cases, which do not apply as to the pleading of performance of conditions precedent, but relate to cases in which the defendant sets up some forfeiture of the contract sued on, which are conditions subsequent, in which case the plaintiff is not required to plead waiver in reply, as the Code does not require a reply, except in cases of a counter-claim in the answer. A condition precedent, being something essential to the right asserted, must be alleged in the complaint, while a condition subsequent, being something relied on to modify or defeat the action, is matter of defense. *Kingman* v. *Insurance Company,* 54 S. C., 601, 32 S. E., 762. The defense in this case, set off, was not based upon any matter of forfeiture or condition subsequent. The evidence proposed was not responsive to any issue raised by the pleadings and was properly excluded.

We may further say that, assuming the issue of waiver properly raised, we do not think the evidence proposed could have had any material bearing upon the question. The uncontradicted evidence was that Newell was constantly demanding the full number of convicts under his con-

tract, and that the necessities of his farming operations compelled him to receive whatever number of convicts he could get. The fact that he paid for what he received while demanding his rights under the contract, would not justify an inference that he waived his rights.

2. It is contended that the Court erred in charging the jury, "that waiver means acquiescence, and where a party insists on carrying out the contract all the time, it is not a waiver." It is objected that this is a charge in respect of matters of fact, in violation of the Constitution. We do not think so. The charge, in so far as it may be deemed to refer to facts in evidence, is hypothetical. *Brown* v. *So. Ry.*, 65 S. C., 269. Besides, it was not disputed that Newell was all the time insisting on carrying out the contract.

It is further contended, that the charge was erroneous as matter of law. Waiver involves an intentional relinquishment of a known right. *Grocery Co.* v. *Moore,* 63 S. C., 188, 41 S. E., 88; and the charge is consistent with that statement.

3. It is excepted, further, that the Court erred in instructing the jury that if the principal waived any condition of the contract, that this waiver would not bind the surety unless the surety also waived the condition. The charge was in accord with the well established law as to the right of a surety. As shown in *Greenville* v. *Ormann,* 57 S. C., 124: "The surety is bound and only bound 'to the extent and in the manner and under the circumstances pointed out in his obligation,' as stated by Mr. Justice Story, in *Miller* v. *Stewart,* 9 Wheat, 703. This principle is recognized by all the authorities. Nor is it essential that the alteration of the contract should be injurious to the surety. The surety is bound by the contract which he makes, not by some contract which he did not make, even though the latter may be more favorable than the former. *Jackson* v. *Patrick,* 10 S. C., 197; *Gardner* v. *Gardner,* 23 S. C., 592."

4. It is finally contended that the alleged variation of the

contract was immaterial, and the jury should have been so instructed. The parties to the contract doubtless knew, as all others engaged in utilizing farm lands know, that the best tenants, croppers and laborers, as a rule, make contracts before the close of the year, and they both doubtless appreciated the importance of timely information as to the amount of convict labor available, so as to make such other arrangements for labor, or disposition of the land, as the circumstances required, in due time before the new year.

Appellant's exceptions are overruled, and the judgment of the Circuit Court is affirmed.