13374

*IN RE.* YOUMAN'S ESTATE
YOUMANS *ET AL.* v. CHISOLM *ET AL.*

(163 S. E., 884)

338

340

342

*Mr. George Warren,* for appellants,

*Messrs. H. O. Hanna* and *Randolph Murdaugh,* for respondents,

March 28, 1932.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

A clear statement of the facts and issues of law involved in this family controversy appears in the decree of Judge Dennis, from which this appeal comes. This Court is satisfied with that decree and adopts it as the opinion of the Court.

Appellants' argument proceeds largely on the theory that respondents have waived their right to the appointment of any one of them as administrator. We can find no evidence of such waiver. It was said in *Griffith v. Newell*, 69 S. C., 303, 48 S. E., 259, 260: "The uncontradicted evidence was that Newell was constantly demanding the full number of convicts under his contract, and that the necessities of his farming operations compelled him to receive whatever number of convicts he could get. The fact that he paid for what he received, while demanding his rights under the contract would not justify an inference that he waived his rights. * * * Where a party insists on carrying out the contract all the time, it is not a waiver."

Appellants, in support of their plea of waiver, rely upon the fact that respondents asked for the appointment of one or the other of themselves along with J. V. Youmans, their brother, as administrator; failing this, they requested the appointment of J. M. Rivers, the husband of one of their number, as an administrator agreeable to them. It appears to us that so far from this being evidence of waiver, it is evidence of the fact that respondents were insisting upon having a joint administrator who was representative of their rights and interests. Rivers was the husband of one of them, the brother-in-law of the others, and was suggested as their representative.

Appellants argue elaborately and ably, and with the citation of many authorities, that the appointment of a coadministrator was within the discretion of the Probate Judge, and that there was no abuse of that discretion in appointing R. O. Bowden, a stranger to the estate, as joint administrator.

In the case of *Tunstall v. Lerner Shops, Inc.,* 160 S. C., 557, 159 S. E., 386, 388, this Court said: "As to this point, we need only repeat what we have recently said on more than one occasion, namely, that the term 'abuse of discretion' is a strict legal term, indicating that the appellate Court is simply of the opinion that there was commission of an error of law in the circumstances." Citing *Barrett v. Broad River Power Company,* 146 S. C., 85, 143 S. E., 650.

The "circumstances" set out in the transcript of record in this appeal abundantly sustain the conclusion of the Circuit Judge that there was here an abuse of discretion on the part of the Probate Court.

The appeal is dismissed. The decree of Judge Dennis is affirmed and made the judgment of this Court. Let it be so published.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES STABLER and CARTER concur.

### ON PETITION FOR REHEARING

MR. JUSTICE BONHAM:

The Court has given careful consideration to the questions made by the petition for rehearing in the above-stated cause. It does not find that it has overlooked, nor failed to determine, any material issue made by the appeal. It did not specifically refer to that made by Exception 5, which imputes error to Judge Dennis for that his decree provided that, if his order be contested and the estate put to further expense by an appeal from that order, R. O. Bowden shall pay the premium on his administrator's bond, and the estate shall in no way be liable for the same. The effect of the decision of this Court which declared the appointment of R. O. Bowden as administrator to be invalid was to hold the estate to be free from liability for the premium on his bond. Thus the question of the power of Judge Dennis to provide that if Bowden appealed from his order the estate should not be liable for the premium on his bond,

became academic. We know of no law which authorizes one whose appointment as administrator of an estate has been declared by the Court to be invalid to charge to the estate the sum which he has paid as premium on his bond. Until the passage of the Act of the Legislature incorporated in the Civil Code of 1932 as Section 8959, an administrator had no right to charge such item of expense to the estate; he must bear it out of his commissions. It would be a far stretch of the privilege given in the act to extend its benefit to one whose appointment has been pronounced invalid.

The petition for rehearing is refused.

Let this order be reported with the case.

Mr. Chief Justice Blease and Messrs. Justices Stabler and Carter concur.