## 19000

**METAL SERVICE CORPORATION, Respondent, v. INDUSTRIAL ELECTRIC COMPANY and The American Insurance Company, of whom The American Insurance Company is, Appellant.**

(171 S. E. (2d) 703)

*Messrs. McKay, McKay, Black, Sherrill, Walker & Wilkins,* of Columbia, *for Appellant,*

*Messrs. J. Wesley Drawdy* and *Donald E. Rothwell,* of Columbia, *for Respondent.*

January 6, 1970.

LITTLEJOHN, Justice.

This action is brought by the plaintiff, a supplier of materials, against Industrial Electric Company, a subcontractor to which supplies were sold, and against The American Insurance Company which executed a bond to assure pay-

ment for materials used in performance of the contract involved. The lower court overruled the demurrer of The American Insurance Company and this appeal follows.

The complaint, which must be deemed true for the purpose of the demurrer, alleges in essence that the plaintiff supplied materials to Industrial Electric Company and that the materials ordered and consumed were within the purview and under the protection of the labor and material payment bond. It alleges that both defendants are either severally or jointly liable.

The bond is attached to and incorporated by reference in the complaint. It contains a notice provision which states in part that "[n]o suit or action shall be commenced hereunder by any claimant, (a) Unless claimant, other than one having a direct contract with the Principal, shall have given written notice to any two of the following: The Principal, the Owner, or the Surety * * *, within (90) days such claimant * * * furnished the last of the materials for which said claim is made, stating with substantial accuracy the amount claimed and the name of the party to whom the materials were furnished * * *."

The complaint does not allege that notice in keeping with this provision of the bond was given, nor is it alleged that the plaintiff has a direct contract with either the prime contractor or the bondsman. It is the contention of the demurring defendant that the plaintiff has no standing to bring this action unless it first be alleged that compliance with the notice provision has been satisfied.

We take the bond and the notice provision pleaded by plaintiff as true and hold compliance with the notice provision a perequisite to recovery. Although in pleading the performance of conditions precedent the facts showing such performance need not be alleged but only the general statement of performance, 1962 Code of Laws of South Carolina § 10-673, the performance is essential to the right asserted and must be alleged. *Griffith v.*

*Newell,* 69 S. C. 300, 48 S. E. 259 (1904). Since there was no allegation of compliance with the notice provision the complaint is defective and the demurrer should have been sustained.

Reversed.

Moss, C. J., and Lewis, Bussey and Brailsford, JJ., concur.