## 1310

James R. LEE and Lorenia W. Lee, Appellants v.
Charles L. KELLEY, Respondent.

(378 S. E. (2d) 616)

Court of Appeals

*George F. Townes,* Pickens, *for appellant.*

*James M. Robinson,* Easley, *for respondents.*

Heard Feb. 13, 1989.

Decided March 27, 1989.

GARDNER, Judge:

James R. Lee and Lorenia W. Lee (the Lees) instituted this action against Charles L. Kelley (Kelley) seeking an accounting and judgment in the amount shown to be due them as a result of the accounting. Kelley moved to dismiss the complaint under Rule 12(b)(6) and (7), SCRCP. The appealed order granted the motion to dismiss. We reverse and remand.

## FACTS

In summary the complaint alleges (1) that the parties agreed that Lee would buy Loyd Kelley's house, and that a copy of the agreement was attached to the complaint, (2) that Lee was to refinance his own house for an amount set by Kelley and that Kelley would receive the loan proceeds, (3) that Lee would obtain a mortgage loan on the house he was buying from Kelley and that Kelley would receive $61,934.84 of the proceeds from this loan, (4) that Lee would make payments on his own home until he had obtained the loan on Kelley's house and that Kelly would make payments on Kelley's home until Lee obtained a loan on Kelley's house, (5) that Kelley would sell Lee's house and keep the profits and (6) that the parties would split the closing costs.

The complaint summarizes:

> The intended and agreed result ... was to be that Lee would convey his house to Kelley for $13,056.16 credit against the purchase by Lee of Kelley's house and was to obtain the balance making up Kelley's sales price of $75,000 by the proceeds of a new mortgage on the house being purchased by Lee from Kelley; whereas Kelley

would receive all the loan proceeds ... on the house formerly owned by Lee and any profit resulting from Kelley's sale of such house to a third party. The costs of these mortgages [were] to be borne as set forth above, each party paying approximately one-half therof.

The complaint then asserts that Kelley did not pay his share of expenses and kept more money than he was entitled to keep.

The complaint prays for an accounting and judgment in according with the results of the accounting.

Attached to the complaint was the following:

### EXHIBIT "A" OF COMPLAINT

### BILL OF SALE

The undersigned agree as follows: Loyd Kelley does hereby agree to sell to James Ray Lee the house and lot located at Betty Drive, Liberty, S. C. for the sales price of $75,000.00 and does hereby acknowledge receipt of the sum of $13,056.16 as a down payment.

s/James Ray Lee
s/Charles L. Kelley

Kelley moved under Rule 12(b)(6) to dismiss on the grounds that the complaint failed to state a cause of action because the transaction was between Loyd Kelley, now deceased, and the Lees and, further, that Charles Kelley and his wife executed the deed to the Lees only to quit claim any interest they owned in and to a small triangular shaped parcel of land included in the description of the conveyance; it was then alleged that Kelley did not receive any benefits from the transaction.

Kelley additionally moved that the complaint be dismissed under Rule 12(b)(7) because of the failure to join the Estate of Loyd Kelley, which it was alleged was a real and indispensable party in interest in whose absence complete relief could not be accorded.

### ISSUE

The sole issue of merit is whether the trial court erred in dismissing the complaint under Rules 12(b)(6) and (7).

## DISCUSSION

Rule 12(b)(6) which provides for a motion to dismiss on the grounds of failure to state facts sufficient to constitute a cause of action also provides the following:

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state facts sufficient to constitute a cause of action, matters outside the pleading are presented to and not excluded by the Court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Certain matters outside of the complaint are presented by the motion and were not excluded by the court. There are questions of fact as to whether the allegations of the complaint other than the exhibit are true or whether Charles Kelley was in fact acting solely as the agent of Loyd Kelley. We therefore hold that the motion should have been treated as a summary judgment motion and disposed of as provided by Rule 56, SCRCP, and that, pursuant to said Rule, all parties should have been given reasonable opportunity to present all materials such as affidavits, depositions, etc., pertinent to a motion for summary judgment. Summary judgment is inappropriate when further development of the facts is desirable to clarify the application of the law. *Garrett v. Snedigar*, 293 S. C. 176, 359 S. E. (2d) 283 (Ct. App. 1987). On the record before us, we hold that summary judgment is inappropriate without further proceeding. And we so hold.

Turning to the appealed order's ruling as to Rule 12(b)(7), the complaint before us, absent the bill of sale which was attached to the complaint, states a good cause of action between the Lees and Charles Kelley; however, by virtue of Rule 10(c), SCRCP, the attachment became a part and parcel of the complaint. The complaint then on the one hand alleges that the transaction occurred entirely between James R. Lee and Charles L. Kelley and on the other hand, alleges that Loyd Kelley was actually the one who agreed to sell the property to Lee; thus the Estate of Loyd Kelley became, according to the pleadings, an essential and indispensable party to the action.

Rule 12(b)(7) incorporates as its basis Rule 19, SCRCP, which provides in pertinent part:

> **(a) Persons to Be Joined if Feasible.** a person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case, an involuntary plaintiff.
>
> **(b) Determination by Court Whenever Joinder Not Feasible.** If a person as described in subdivision (a)(1)-(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. . . .

There is nothing in the record indicating that it is not feasible to join the Estate of Loyd Kelley. The appealed order therefore erred in dismissing the complaint under Rule 12(b)(7), which provides for dismissal for failure to join an essential party under Rule 19 only when is is not feasible to join such party. And we so hold.

## CONCLUSION

For the reasons stated above, the appealed order is reversed and the case is remanded for further proceedings in accordance with this decision.

Reversed and remanded.

SANDERS, C. J., and CURETON, J., concur.