THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(D)(2), SCACR.  
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
William Pinder, Sr., Appellant,
v.
McKinley Washington, Jr. and William Runyon, Jr.,
Respondent.
 
 
 

Appeal From Charleston County
 Thomas L. Hughston, Jr., Circuit Court Judge

Unpublished Opinion No. 2006-UP-311
Submitted June 1, 2006  Filed July 10, 2006

REVERSED AND REMANDED

 
 
 
Charles E. Houston, Jr., of N. Charleston, for Appellant.
Anthony B. ONeill, Sr. and David Lawrence Michel, of Charleston, for Respondents.
 
 
 

PER CURIAM:   William Pinder, Sr. brought suit against McKinley Washington and William Runyon (Respondents) alleging he was fraudulently induced to resign from his position at Sea Island Comprehensive Care Corporation (Sea Island).   He contends the trial court erred in the application of Rule 12(b)(6), SCRCP, by holding the statute of limitations had expired on his causes of action.  We reverse and remand. [1]  
FACTS
Pinder was employed as President and Chief Financial Officer of Sea Island.  Washington was and remains the chairperson of the Board of Directors of Sea Island.  Washington allegedly stated during a July 1999 Special Call Meeting of the Executive Committee of Sea Island that he had been told by Senator Hollings that if Pinder would resign from his employment with Sea Island, there would be a significant increase in funding to Sea Island.  Pinder was also told that a lot of bad blood had developed during the struggle to keep a nursing home open and tendered his resignation in 2000 based on these discussions.  
Pinder and the Board of Directors entered into an agreement to pay him for the remaining portion of his sick and annual leave.  The parties agreed on a lump sum of $322,000.  Sea Island did not have the cash funds available, so Sea Island offered Pinder a mortgage on a portion of the excess real property owned by Sea Island in the amount owed.  Runyon, the general counsel for Sea Island, prepared three mortgages with Sea Island and presented them to the Board of Directors at its regular monthly meeting.  One mortgage was to secure a note for $322,000 to Pinder.  Another mortgage was to secure a note for $325,000 to be made payable from Sea Island to Runyon.  The final mortgage was to secure a note for $750,000 to the Sea Island Community Development Funds, Inc.  Pinder believes the $325,000 and the $750,000 mortgages were false and were created solely for the benefit of Washington and Runyon.   
In March 2001, Pinder filed suit alleging various causes of action, including one relating to his unpaid wages.  See Pinder v. Sea Island Health Comprehensive Health Care Corporation, et. al., (No. 2001-CP-10-0845).  That action was stricken from the docket by agreement pursuant to Rule 40(j), SCRCP.  On June 6, 2003, Thomas Johnson, formerly Vice Chairman of Sea Islands Board of Directors and also a member of the Executive Committee, submitted an affidavit in a civil action pending in the Circuit Court of Charleston County, that reiterated Washingtons July 1999 comments to the Executive Committee.   
This action was commenced on August 15, 2003, against Runyon and Washington alleging two counts of fraud.  Specifically, Pinder asserts the Respondents intentionally defrauded him.  In addition, Pinder claims Respondents entered into a conspiracy to carry out this fraud.   Respondents filed answers and motions to dismiss.   Runyon joined in the Motion to Dismiss and to Strike filed by Washington.  The motion, among other things, sought to dismiss the action under Rule 12(b)(6), SCRCP, for failure to state a cause of action in that the time to file Pinders action had expired under the statute of limitations.  The trial court granted Respondents motion as to the statute of limitations.  This appeal followed.  
STANDARD OF REVIEW
Under Rule 12(b)(6), SCRCP, a defendant may move to dismiss a complaint based on a failure to state facts sufficient to constitute a cause of action.  In considering such a motion, the trial court must base its ruling solely on allegations set forth in the complaint.  Baird v. Charleston County, 333 S.C. 519, 527, 511 S.E.2d 69, 73 (1999).  If the facts and inferences drawn from the facts alleged in the complaint, viewed in the light most favorable to the plaintiff, would entitle the plaintiff to relief on any theory, then the grant of a motion to dismiss for failure to state a claim is improper. Id.  In deciding whether the trial court properly granted the motion to dismiss, the appellate court must consider whether the complaint, viewed in the light most favorable to the plaintiff, states any valid claim for relief.  Gentry v. Yonce, 337 S.C. 1, 5, 522 S.E.2d 137, 139 (1999).
 A motion to dismiss under Rule 12(b)(6) should not be granted if facts alleged and inferences reasonably deducible therefrom entitle the plaintiff to relief under any theory. Id.  Furthermore, the complaint should not be dismissed merely because the court doubts the plaintiff will prevail in the action.  Toussaint v. Ham, 292 S.C. 415, 416, 357 S.E.2d 8, 9 (1987).
LAW/ANALYSIS
Pinder contends the trial court erred in dismissing his suit pursuant to Rule 12(b)(6), SCRCP, based on an expiration of the statute of limitations.  We agree.  
The proper statute of limitations for claims based on fraud is three years.  S.C. Code Ann. § 15-3-530 (Supp. 2005); Hedgepath v. Am. Tel. & Tel. Co., 348 S.C. 340, 355, 559 S.E.2d 327, 336 (Ct. App. 2001) (indicating the 1988 version of this statute of limitations was decreased from six years to three years).   In South Carolina, the statute of limitations for causes of action for fraud is governed by the discovery rule, and does not begin to run until discovery of the fraud itself or of such facts as would have led to the knowledge thereof, if pursued with reasonable diligence.  Burgess v. Am. Cancer Soc., S.C. Div., Inc., 300 S.C. 182, 185, 386 S.E.2d 798, 799 (Ct. App. 1989) (external citations omitted).  
A Rule 12(b)(6), SCRCP, motion to dismiss for failure to state a cause of action must be resolved by the trial judge based solely on the allegations in the complaint.  See Woodell v. Marion Sch. Dist. One, 307 S.C. 297, 298, 414 S.E.2d 794, 794 (Ct. App. 1992).  In the instant case numerous exhibits were attached to and incorporated in the amended complaint; a trial court may consider those exhibits when ruling on the defendants motion to dismiss.[2]  See Rule 10(c), SCRCP (A copy of any plat, photograph, diagram, document, or other paper which is an exhibit to a pleading is a part thereof for all purposes if a copy is attached to such pleading.); Lee v. Kelley, 298 S.C. 155, 158, 378 S.E.2d 616, 617 (Ct. App. 1989) ( [B]y virtue of Rule 10(c), SCRCP, the attachment became a part and parcel of the complaint.); Metal Serv. Corp. v. Industr. Elec. Co., 253 S.C. 507, 509, 171 S.E.2d 703, 704 (1970) (considering materials attached to complaint when deciding defendants demurrer to the
complaint).
The trial court made the determination that, based on the amended complaint and the exhibits attached thereto, Pinders claim fell beyond the applicable statute of limitations.  Specifically, the trial court based its findings on the fact the complaint alleges Pinder did not receive wages owed to him in February 2000 which should have put him on notice of his fraud claims.  While it is true that any claim for unpaid wages would likely be beyond the statute of limitations, the pleadings themselves do not indicate on their face whether Pinders claims for fraud are beyond the statute of limitations.  While the alleged acts of fraud occurred in 1999, the important query is when the discovery of such acts occurred or should have occurred.  This matter must be more fully developed in order to make a determination of whether the alleged acts of fraud fell within the applicable statute of limitations.  Based on the amended complaint and the exhibits attached thereto, we are unable to determine when the statute of limitations began to run.  
Furthermore, the trial courts order merely speaks to the unpaid wages, and does not reach the other acts of fraud alleged in the amended complaint.  To have dismissed Pinders complaint, the trial court was required to find that Pinder was not entitled to relief based on a liberal view of any of his claims.  The trial court did not do this.  Therefore, we hold that based on the complaint and its exhibits, Pinders complaint should not have been dismissed pursuant to Rule 12(b)(6).  Though we are remanding this case to the trial court, we express no opinion as to whether Pinder has a valid claim against Washington and Runyon.  This opinion only concerns whether the trial court was correct in its dismissal under Rule 12(b)(6).[3]  Additionally, this opinion in no way precludes Respondents from pursuing their motion for summary judgment on remand or any other of their motions not ruled on by the trial court.  
CONCLUSION
For the reasons stated herein, the trial courts decision is 
REVERSED AND REMANDED. 
SHORT, WILLIAMS, JJ., AND CURETON, A.J., CONCUR.

[1] We decide this case without oral argument, pursuant to Rule 215,
SCACR. 
[2] The incorporation of so many exhibits renders Pinders complaint unwieldy and exacerbates its rambling allegations.  
[3] Because we remand pursuant to the Rule 12(b)(6) issue, we need not reach the other issues concerning the application of the discovery rule or the scriveners error.