THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 James Emmett Sessions and Louise
 Green Sessions, Respondents,
 
 
 

v.

 
 
 
 Stephen Michael Platt, Appellant.
 
 
 

Appeal From Dorchester County
Patrick R. Watts, Master-in-Equity

Unpublished Opinion No. 2011-UP-473
Heard October 4, 2011  Filed October 26, 2011    

REVERSED AND REMANDED

 
 
 
 Paul B.
 Ferrara, III, and George J. Morris, both of North Charleston, for Appellant.
 Leonard R.
 Jordan, Jr., of Columbia, for Respondents.
 
 
 

PER CURIAM: Stephen
 Platt appeals the master in equity's order granting summary judgment to James
 and Louise Sessions on their claims that Platt trespassed on their land and that
 Platt's conduct on their land and on adjacent land created a nuisance.  We find
 there are questions of fact as to whether, and to what extent, Platt had a
 right to use the Sessions' land and as to whether Platt's use of the Sessions'
 land and adjacent land was unreasonable.  See Hill v. Carolina Power
 & Light Co., 204 S.C. 83, 96, 28 S.E.2d 545, 549 (1943) (stating the
 holder of an easement has the right to use the easement in a manner that is
 "reasonably necessary and convenient and as little burdensome to the
 servient estate as possible for the use contemplated"); Ravan v.
 Greenville Cnty., 315 S.C. 447, 464, 434 S.E.2d 296, 307 (Ct. App. 1993)
 (stating in private nuisance claims, "reasonableness is ordinarily a
 question of fact"); Alston v. Blue Ridge Transfer Co., 308 S.C.
 292, 294, 417 S.E.2d 631, 632 (Ct. App. 1992) ("[S]ummary judgment is
 inappropriate if the facts are conflicting or the inferences to be drawn from
 the facts are doubtful."); Lee v. Kelley, 298 S.C. 155, 158, 378
 S.E.2d 616, 617 (Ct. App. 1989) ("Summary judgment is inappropriate when
 further development of the facts is desirable to clarify the application of the
 law.").  Accordingly, we reverse the master's order and remand.     
REVERSED AND REMANDED.
FEW, C.J., and THOMAS
 and KONDUROS, JJ., concur.