HEARD NOVEMBER TERM, 1874.

## CHARLES *vs.* JACOBS.

Where proof that J. C. was the agent of the plaintiff is material to the issue, and such agency is alleged to have been created by a power of attorney, proof of the fact cannot be shown by parol without proof of the loss or destruction of the power of attorney.

A case for the Supreme Court should state enough of the facts to show the practical bearing thereon of the questions of law to be discussed and decided.

Where one of the questions in the case was whether J. C. was the agent of the plaintiff, with authority to receive payment of the demand sued on, and the defendant proved that another claim of the plaintiff had been paid to J. C.: *Held*, That plaintiff's declaration, when he first heard of the payment, that J. C. was not his agent, was admissible as evidence for the plaintiff.

It is no defense in an action against an administrator *de bonis non* that the first administrator had wasted assets of the intestate.

BEFORE COOKE, J., AT GREENVILLE, SEPTEMBER, 1874.

This was an action by W. B. Charles, trustee, against R. H. Jacobs, administrator. The case, as stated in the brief, is as follows:

"This was a complaint to renew a judgment held by the plaintiff above named, as trustee for his mother, Martha A. Charles, and her children, which judgment was originally a confession to William Jacobs, the maternal grandfather of the plaintiff, by one Edward O. Jacobs. The judgment was turned over to plaintiff as a part of a legacy to him, in trust as aforesaid, under his said grandfather's will. Edward O. Jacobs died in 1861, the judgment having been confessed September 23, 1859. One John Charles, the father of plaintiff, became administrator of the estate of said Edward O. Jacobs, and continued as such some eleven years, without any attempt to enforce the judgment, when his letters were revoked and the defendant became administrator *de bonis non* of said Edward O.'s estate, and this action was commenced to renew the judgment.

"In 1862 the defendant, who held a tract of land bound by the judgment, gave to said John. Charles, who represented himself as agent of the plaintiff, money to apply to said judgment, and in 1863 gave him an additional sum, sufficient to satisfy the same. It appears, however, that said John Charles never applied the money to the judgment, but appropriated it to his own uses.

"On the trial, one question was as to the agency of said John Charles. To disprove such agency, the plaintiff introduced as a witness one Thomas Goldsmith to prove that he, Goldsmith, was the agent of plaintiff, and had during the war a written power of attorney to act for him. The defendant's attorney objected to the introduction of any testimony concerning the power of attorney without the production of the same or proof of its loss. The presiding Judge overruled the objection and admitted the evidence. The witness, however, while he claimed to have the power of attorney, admitted that he never had acted as such agent—never had collected or paid out any money for plaintiff.

"John W. Stokes, counsel for plaintiff, and a witness for defendant, testified that during the war he paid John Charles five hundred dollars on a note belonging to the trust estate, and that said John Charles receipted him as agent for W. B. Charles, trustee. On the cross-examination he testified that W. B. Charles remonstrated with

him afterwards for so paying, and said that John Charles was not his agent. Defendant's counsel objected to this evidence as hearsay, and the objection was overruled on the ground that it was part of the *res gestæ.*

" The defendant also offered to prove by S. J. Douthit, Probate Judge, that the said John Charles, as administrator of Edward O. Jacob's estate, had received and misapplied a large amount of money, more than enough to have paid the judgment, and amounting to some twenty-three thousand dollars; also that the said John Charles had received money in his office as agent of the trust estate. This testimony was rejected as irrelevant.

" The verdict was for the plaintiff for $4,124.97.

" The defendant moved for a new trial, because of the rulings already stated as objected to, and also on the ground of after discovered evidence.

" The motion was refused without argument."

The defendant appealed on the grounds :

1. That it is respectfully submitted that His Honor the presiding Judge erred in admitting testimony concerning an instrument in writing without the production of the same or proof of its loss.

2. That it is respectfully submitted that His Honor the presiding Judge erred in allowing the introduction of the declarations of the plaintiff as evidence in his favor, the same *not* being, as is submitted, part of the *res gestæ.*

3. That His Honor erred in rejecting the evidence of S. J. Douthit, Probate Judge, as to the amount of money received by John Charles, former administrator of the estate of E. O. Jacobs, deceased, against whom the judgment originally stood, and as to the said John Charles having received money in the office of the Judge of Probate as agent of the plaintiff, the said evidence being clearly relevant to the issue before the Court.

4. Because it is submitted that a new trial should have been granted for the reasons above stated, and also because of the discovery of new evidence.

5. Because the verdict in the case was contrary to law and evidence.

*Moore, Cothran & Wells,* for appellant.

*Sullivan & Stokes, Earle,* contra.

March 20, 1875.  The opinion of the Court was delivered by

WILLARD, A. J.   The first exception is presented in the brief as follows :  "On the trial, one question was as to the agency of said John Charles.  To disprove such agency, the plaintiff introduced as a witness one Thomas Goldsmith to prove that he, Goldsmith, was the agent of plaintiff, and had during the war a written power of attorney to act for him.   The defendant's attorney objected to the introduction of any testimony concerning the power of attorney without the production of the same or proof of its loss.   The presiding Judge overruled the objection and admitted the evidence. The witness, however, while he claimed to have the power of attorney, admitted that he never had acted as such agent,—never had collected or paid out any money for plaintiff."

If the proof of the existence and execution of a power of attorney by the plaintiff was material to the issue, it is evident that proof of the fact without the production of the instrument or accounting for its non-production by proof of destruction or loss was inadmissible.

The case does not present enough of the nature of the proofs submitted to enable us to determine as to the materiality of the testimony in relation to the power of attorney.   The defendant was endeavoring to prove payment of the judgment on which the action was founded by establishing two facts: first, that J. Charles was authorized to receive payment of that judgment from the defendant; and, second, that payment to the full amount of such judgment was made to such agent.   The fact that Goldsmith was an agent of the plaintiff, either general or special, at the time of the alleged agency of J. Charles, is not in itself inconsistent with the existence of such an agency in Charles.   Still it is possible that the evidence in the case might have created such an inconsistency between them that proof of agency in Goldsmith was in the minds of the jury fully equivalent to a denial of the fact of agency in J. Charles. The testimony is not before us, either in detail or on its character and bearing.   We must assume its materiality for the single fact that it was offered by the plaintiff and admitted by the Judge without objection as to the materiality of the facts attempted to be proved.   It is possible that our conclusions as to the materiality of the proof may not conform to the facts as they appeared upon the trial; if so, the result is due to the manner in which it is presented

in the brief. It may not be amiss to say that, in view of the expense and delay attending an appeal to the Supreme Court, it is proper that the questions to be discussed before this Court should be raised with precision and care, and that all the necessary elements of the question should be brought to view clearly and succinctly. This Court does not sit to hear the discussion of abstract propositions of law, but only of such as have a practical bearing on the matters in controversy, and therefore the bearing of the questions of law presented on the issues should be made clearly to appear and should not be left to surmise.

The concluding statement of this part of the brief, that the witness admitted "that he never had acted as such agent,—never had collected or paid out any money for plaintiff," does not affect the question of materiality. As we cannot know, from the case before us, under what circumstances the proof of the fact of a power of attorney became material to the case, we are not in a position to hold that the fact that the agent did not act as such destroyed the materiality or value of such proof.

The second exception is not well taken. A witness for defendant testified to payments made to J. Charles as agent for the plaintiff. On his cross-examination the witness stated that plaintiff afterwards remonstrated with him for such payment, stating that J. Charles was not his agent. The object of the testimony must be assumed to have been to form a link in a chain of proof authorizing the conclusion that J. Charles acted as agent under the authority and with the consent, either expressed or implied, of plaintiff.

Assuming that, independently of the statement of the plaintiff as to the want of authority on the part of J. Charles, the jury were at liberty to draw the conclusion that plaintiff consented to this exercise of authority on the part of J. Charles, and the materiality of plaintiff's statement at once appears. If, on the first information of the fact, he repudiated the authority of J. Charles, such fact would tend to do away with any inferences that might have been drawn from that act upon the assumption that the plaintiff remained silent after notice of it. The testimony of the witness as to what plaintiff said was not hearsay but direct testimony. It was the best possible proof of the state of mind and action of the plaintiff as it regards the claim of J. Charles to authority as an agent. The declaration of the plaintiff in that case was equivalent to an act disapproving of the conduct of J. Charles, and as such was proved directly by a witness of such act.

The next point made is that evidence was improperly rejected; that J. Charles, as administrator of E. O. Jacobs' estate, had received and misapplied a large amount of money—more than enough to have paid the judgment. The default or *devastavit* of the first administrator is no defense to an unpaid demand against the estate in the hands of an administrator *de bonis non*.

The last objection was that evidence was rejected; that J. Charles had received money in the office of the Judge of Probate as agent of the trust estate. The only importance of the proof thus offered, as it stands, is to show that J. Charles claimed to be the agent of plaintiff and acted as such.

It is not easy to see on what ground this evidence was rejected, when evidence bearing on the same proposition had been previously admitted, unless, in the judgment of the Court, the defendant had failed to connect these assertions of authority on the part of J. Charles with the plaintiff, so as to affect him by them, and for that reason refused to allow the case to be strengthened as it regards the conduct and claims of J. Charles. It will not be important to consider whether we are bound to draw such an inference in support of the ruling of the Circuit Judge, as there must be a new trial on the first exception; and so far as the last exception involves anything that may have to be disposed of on the new trial, it is, substantially, considered in what has been already said.

There should be a new trial.

*Moses,* C. J., and *Wright,* A. J., concurred.