13176

TUNSTALL v. THE LERNER SHOPS, INC. (LERNER STORES CORPORATION, INTERVENOR)

(159 S. E., 386)

July, 1929.

558

*Messrs. Hicks & Johnston,* for appellant.

*Mr. Wyatt Aiken,* for intervenor-respondent, 

June 11, 1931.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

This is an appeal from an order refusing a motion to amend a judgment record in which the defendant was named as "The Lerner Shops, Incorporated," so that the record when amended should designate the defendant as "Lerner Stores Corporation." The transcript of record contains the following statement:

"Plaintiff brought an action against 'The Lerner Shops, Incorporated,' defendant; the complaint being served on April 10, 1929. The complaint alleged as a cause of action that defendant had fraudulently and willfully broken its contract of employment with plaintiff. The service was made upon Miss Sheingold, manager of defendant, she being at that time in charge of its local store. No answer was filed, and the case being in default came on for trial before his Honor, Judge Mauldin, and a jury, on May 20, 1929. After

hearing testimony introduced by plaintiff and the instructions as to the law by the Court, the jury returned a verdict for plaintiff for $1,500.00. Thereafter, and within the ten-day period, Wyatt Aiken, Esquire, noticed a motion 'for an order setting aside the judgment in the above action so far as said judgment may apply, if at all, to Lerner Stores Corporation, and to vacate said judgment in reference thereto'. His Honor dismissed the motion for the reason that since no levy had been made he could not determine the rights of the parties and any order of the nature requested would be in the form of a declaratory judgment. Judgment was formally entered on June 8, 1929, and execution issued and levy attempted to be made upon the stock and fixtures of a storeroom occupied and operated under the name of 'Lerner Shops' in Greenville, on June 12, 1929. Respondent resisted the levy on the ground that its correct name is 'Lerner Stores Corporation' and that the store upon which the sheriff was attempting a levy was owned by 'Lerner Stores Corporation' which is not bound by the judgment.

"On July 2nd respondent filed a petition in an action by Lerner Stores Corporation, petitioner, against C. R. Bramlet, Sheriff for Greenville County, respondent, in which petition it was set forth that judgment had been procured as hereinabove narrated, and that the sheriff was trying to levy upon the store of Lerner Stores Corporation, and requested that the sheriff be restrained from so levying. This petition was substantiated by a letter from Secretary of State, dated May 27, 1929, addressed to attorney for respondent, which letter, omitting the formal parts, reads as follows: 'In reply to yours of the 25th, please be advised that the above-named corporation is domesticated in this State and their principal place of business in this State is No. 273 King Street, Charleston, S. C., Mr. G. N. Mann of Hyde, Mann and Figg, Peoples Office Building, Charleston, S. C., is the statutory agent for the above company.' By consent, this petition was heard on July 3, and his Honor, Judge T. J.

Mauldin, at that time granted the injunction restraining Sheriff Bramlett from levying upon the property of Lerner Stores Corporation under this judgment, from which no appeal was taken.

"Attorneys for appellant noticed a motion on July 2nd (which was heard by consent on July 3rd) to amend the entire judgment record by striking out the name of the defendant as therein given, 'The Lerner Shops, Incorporated,' and inserting the correct name of the defendant, 'Lerner Stores Corporation.' Appellant based its motion upon affidavits and exhibits, in substance as follows: Before bringing the action, the attorneys for plaintiff made numerous inquiries to discover the correct name of defendant and the nature of the organization, whether a partnership or corporation, etc. In the first place, the attorneys discovered that the store was listed in the telephone directory as 'The Lerner Shops'; an inspection of the building in which the business is located disclosed that in eight places on the front of the building the name 'Lerner Shops' appeared in large gilt letters and in three other places the name 'Lerner Shops' appeared cast in bronze or some other gilded metal; the display windows showed more than seventy-five pieces of advertising material, each bearing the name 'Lerner Shops'; to further confirm their information the attorneys telephoned Miss Sheingold, who was the manager of the store at that time, and who, as stated in one affidavit, 'deponent is informed and believes, is the district manager for the company, and has charge of a number of the stores' and asked her the name of the corporation and she replied 'The Lerner Shops, Incorporated,' she was further asked where the head offices were located and she told the speaker that it was none of his business and refused to give any further information; that defendant is known in Greenville by the name of 'Lerner Shops' and has no other name locally. * * *

"The affidavits identified, and the attorneys presented to Judge Mauldin for his inspection, coat boxes, dress boxes,

bags, telephone directory and cost mark tags, each and all of which bore the name in large letters 'Lerner Shops,' a letter head with the printed words 'Lerner Shops' and an envelope having a printed card on the back thereof in these words "Lerner Shops, 123 North Main Street, Greenville, S. C.,' showing that defendant held itself out locally as, and is generally known by the name of 'The Lerner Shops.' Upon the information contained in the affidavits, which were signed by John E. Johnston and J. Wilbur Hicks, plaintiff contended: First, that the difference between the names 'The Lerner Shops, Incorporated,' and 'Lerner Stores Corporation' is so slight as to be a harmless error. Second, that, if the name of defendant is different from 'Lerner Shops' so far as this action is concerned, defendant is estopped to deny that such is its correct name. Third, that service was made upon the district manager (also at the time the local manager) of Lerner Stores Corporation, which corporation knew beyond a reasonable doubt that it was the real defendant, because it was operating under the name of 'Lerner Shops' and that service under such circumstances is valid. * * * The intervenor resisted the motion, contending that its name is 'Lerner Stores Corporation' and the Court had no authority to allow such amendment."

Respondent's counsel presents his argument in support of the order in five divisions, in the consideration of which we shall necessarily touch all points involved in the case.

1. He first takes the position that the appellant is concluded by the fact that no appeal was taken from Judge Mauldin's order of July 3, restraining Sheriff Bramlett from levying upon property of "Lerner Stores Corporation" under the judgment in this case. As to this question, it is only necessary to say that the appellant here was not a party to that proceeding, and therefore not bound by it.

2. He next contends that the service of the summons and complaint was not binding even on the defendant, "The Lerner Shops, Incorporated," to say nothing of

the intervenor, in that the proof does not state the place of service. The argument on this point is based upon alleged facts not shown in the transcript of record, and the question, therefore, cannot be considered here.

3. He then makes the contention that amendment of the pleadings is within the discretion of the presiding Judge, and that no abuse of discretion has been shown in this case. As to this point, we need only repeat what we have recently said on more than one occasion, namely, that the term "abuse of discretion" is a strict legal term, indicating that the appellate Court is simply of the opinion that there was commission of an error of law in the circumstances. *Barrett v. Broad River Power Co.,* 146 S. C., 85, 143 S. E., 650. If, therefore, we should find that there was error of law in refusing the motion to amend under the circumstances of this case, it would be our duty to direct a reversal.

4. Apparently, the respondent takes the further position that as Section 4029 of the Civil Code requires every foreign corporation doing business in the State to designate some place within the State as a place at which all legal papers may be served on it, papers cannot be served on any such corporation at any place other than the one so designated. This is a novel position and, of course, is untenable. Section 390, Vol. 1, of the 1922 Code; *Terry Packing Co. v. Southern Express Co.,* 125 S. C., 198, 118 S. E., 628.

5. Lastly, he urges that, as a corporation is created by statutory authority and under a distinct name, it can only be recognized in law by the name assigned to it by its charter. This point really goes to the merits of the appeal, and on its correctness hangs the decision.

Section 436 of the 1922 Code of Civil Procedure is as follows:

"The Court may, before or after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading, process, or proceeding, by adding or striking out

the name of any party; or by correcting a mistake in the name of a party, or a mistake in any other respect; or by inserting other allegations material to the case; or, when the amendment does not change substantially the claim or defense, by conforming the pleading or proceeding to the facts proved."

In a number of cases in this State involving the names of individual defendants, amendment of the record has been allowed so as to substitute one name for another. See particularly *Waldrop v. Leonard,* 22 S. C., 118, in which there is an excellent discussion of the subject.

In 14 C. J., at page 324, it is said:

"Although there is some conflict in the decisions, the general rule is that the misnomer of a corporation in an instrument has the same effect only as the misnomer of an individual."

And at page 325:

"The misnomer of a corporation in pleadings and otherwise in judicial proceedings has the same effect as the misnomer of an individual. * * * And when an action is brought against a corporation, the general rule is that where the name is mistaken materially and substantially, or where there is such a variation that a different entity is indicated, the suit cannot be regarded as against the corporation, and it cannot be affected by the proceedings or judgment therein; but a mere misnomer of a corporation defendant in words and syllables is immaterial, and a judgment in the action will bind it if it is duly served with process or appears and does not plead the misnomer in abatement. As a general rule the misnomer of a corporation in a notice, summons, notice by publication, garnishment citation, writ of certiorari, or other step in a judicial proceeding is immaterial if it appears that it could not have been, or was not, misled."

In *Clemson Agricultural College v. Pickens,* 42 S. C., 511, 20 S. E., 401, it appears that in a case entitled *"Clemson Agricultural College of South Carolina v. Samuel M. Pick-*

*ens"* a summons was filed in the office of the Clerk of Court for Anderson County on February 9, 1893. There also appeared among the papers another summons, dated April 18, 1893, entitled *"The Clemson Agricultural College of South Carolina, Plaintiff, v. Samuel M. Pickens, Defendant."* It is specifically stated, however, that the last-named summons was not filed in the clerk's office. It was held that the Court acquired jurisdiction of the defendant, but in the course of the opinion it was said:

"It is true that the difference in the name of the plaintiff is very slight, only the addition of the word 'The,'—yet, as a corporation can only be recognized in law by the name assigned to it by its charter, we do not see by what authority a Court could disregard the name which the Legislature has seen fit to assign to a corporation. Certainly, the appellant can make no objection to the Court observing this slight difference in the name, as he makes a point on it in his argument here. But as there is no foundation for the assumption that the summons bearing date 18th April, 1893, was the summons actually published, all of appellant's argument based upon that assumption becomes inapplicable."

It will be noted that the error here was in the name of the plaintiff, and it seems that the rule is very much more exacting as to a misnomer of the plaintiff than as to a misnomer of the defendant. *Miller v. George,* 30 S. C., 526, 9 S. E., 659. Furthermore, the latter part of the quotation shows that the language in the earlier part, with reference to the use of the word "The" in the plaintiff's name, was mere dicta.

The observations in this case, with reference to the word "The" were apparently discredited in *Sentell v. Southern Railway,* 67 S. C., 229, 45 S. E., 155, 156, in which the word "The" was improperly used in defendant's name. The Court said:

"The whole spirit of the Code is opposed to the disposition of a cause upon mere technical errors and irregularities, and

seeks a fair hearing on the merits; hence the very ample powers of amendment conferred on the trial Courts. * * * In this case it is manifest from the pleadings that the corporation intended to be sued was the same corporation which was served and which answered. The amendment allowed was not so extensive as to substitute a new defendant but was merely a correction of a mistake in the name of the defendant. The misnomer, too, was so very slight that, but for the remarks of the Court in *Clemson College v. Pickens,* 42 S. C., 519, 20 S. E., 401, it would possibly have been passed unnoticed."

However, the comments in the *Sentell case* on the *Clemson College case* were also mere dicta, in that it was held that the defendant, by answering to the merits in addition to pleading the misnomer, had submitted to the Court's jurisdiction.

In *Citizens' Savings Bank v. Efird,* 96 S. C., 18, 79 S. E., 637, suit was brought in the name of Citizens' Savings Bank. It came out in the evidence that prior to the commencement of the suit the bank's name had been changed to the Citizens' Trust and Savings Bank. Defendants moved for a nonsuit, and plaintiff moved for leave to amend by changing the name of the plaintiff from Citizens' Savings Bank to the Citizens' Trust and Savings Bank. The trial Judge refused the motion to amend and granted a nonsuit. Though the motion to amend was made on behalf of plaintiff, it was held on appeal that the refusal to grant it was error, the Court saying:

"The Code of Procedure was adopted for the purpose of getting the Courts away from the technicalities of common-law pleading and practice, under the rules of which the utmost precision was required, and the most intricate distinctions were drawn, which too frequently sacrificed substance to form and defeated substantial justice. Hence the Code has made liberal provisions with respect to allowing amendments, and the Legislature has declared that the Code must

be liberally construed, with the view to the doing of substantial justice. * * *

"The facts and circumstances warrant no other conclusion than that the action was brought in the name of Citizens' Savings Bank through mistake. It is equally clear that defendants have not been misled thereby to their prejudice in maintaining their defense on the merits. At any rate, they have not even alleged that they have been so misled, to say nothing of their failure to even attempt to comply with the requirement of Section 220 by proving to the satisfaction of the Court wherein they have been misled."

In 14 C. J., at page 325, it is said:

"If a corporation has acquired a name by usage an adjudication against it by the name so acquired is valid and binding."

We think that, upon the uncontroverted statements contained in plaintiff's affidavits and the exhibits in the case at bar, and under the liberal provisions of the Code with reference to amendments and this Court's interpretation of the spirit of those provisions, the motion to amend should have been granted. The summons and complaint were served upon a proper agent of the intervenor; the facts and circumstances warrant no other conclusion than that the action was brought against "The Lerner Shops, Incorporated," through mistake; the amendment sought was not "so extensive as to substitute a new defendant, but was merely a correction of a mistake in the name of the defendant"; the variation in names is not such as to indicate a different entity, and there is no suggestion that the intervenor was misled thereby to his prejudice; and it clearly appears that the intervenor used the name "Lerner Shops," or some similar name, in various ways in the conduct of its business, and that the manager of the store told plaintiff's attorney that the name of the corporation was "The Lerner Shops, Incorporated." Under these circumstances, the Court erred in refusing the motion.

The order appealed from is reversed.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES COTH-RAN, CARTER and BONHAM concur.