19762

Joe D. IVESTER, Respondent, v. FAMILY POOLS, INC., BOSCO INDUSTRIES, Appellant

(202 S. E. (2d) 362)

68

*Melton Kligman, Esq.,* of *Powell, Kligman & Fleming,* Columbia, *for Appellant,*

*Karl L. Kenyon, Esq.,* of Anderson, *Kenyon & Epps,* Anderson, *for Respondent,*

January 28, 1974.

LEWIS, Justice:

Plaintiff (respondent) and defendants (appellant) entered into an agreement whereby appellant agreed to furnish and properly install for respondent a swimming pool for the sum of $3150.00 of which, $2800.00 was paid by respondent, leaving a balance due on the purchase price of $350.00. The swimming pool was not furnished and installed as agreed, but was defective and could not be filled with water; and, when appellant failed to correct the defects and properly install the pool, this action for breach of warranty was brought. The trial in the lower court resulted in a verdict in

favor of respondent for $2800.00 actual damages, from which this appeal is prosecuted.

Appellant has abandoned all exceptions except the second and third. These are:

2. That the trial judge as a matter of law should have instructed the jury that from the evidence they would have to conclude that the defendant was not given the opportunity to perform its warranty.

3. That the trial judge should have instructed the jury that the plaintiff was under a duty to minimize his damages, and if the pool was defective, then his duty would be to have the defects repaired and be given judgment for the costs thereof.

There was no request for the instruction referred to in the first of the above quoted exceptions; and that involved in the second was requested but refused.

The question for determination is thus stated by appellant:

Did the defendants (appellant) substantially perform under the contract to such extent that the plaintiff (respondent) had no right to void contract, but was under a duty to minimize his damages by repairing any alleged minor defects to the product and holding the defendants responsible for the costs.

Under the exceptions and statement of the question involved, the only issue preserved for review is whether the trial judge erred in refusing appellant's request for an instruction to the jury that respondent was under a duty to minimize his damages. The contention of appellant is, in effect, that respondent owed a duty to complete the installation of the pool and that respondent's damages should have been limited to the cost of completion of the job. There is no evidence as to what it would have cost to complete the contract or, as appellant states it, to repair the "minor defects to the product."

The parties contracted for the complete installation by appellant of a swimming pool that would not leak. Although the pool was delivered and installed by appellant it could not be used. It leaked to such an extent that it would hold only a few inches of water and was of no use for the purpose intended. The testimony conclusively shows that appellant was notified of the defective installation and had ample opportunity to complete the performance of the contract as agreed, but failed to do so. This action was then brought to recover the damages sustained by plaintiff from the breach of the contract. Special damages were not sought and the instructions to the jury limited recovery to the direct damages resulting from the breach.

Under these facts, the rule requiring a plaintiff to minimize his damages was inapplicable and the trial judge properly refused to submit the issue to the jury. Respondent was not required to perform the contract for appellant. The applicable principle is thus stated, in substantially the same language, in 22 Am. Jur. (2d), Section 37, and 25 C. J. S. § 34, p. 709, under the subject of Damages: "Where the party whose duty it is to perform a contract has equal opportunity for performance and equal knowledge of the consequences of nonperformance, he cannot, while the contract is subsisting and in force, be heard to say that the plaintiff might have performed for him." There can be no doubt, under this record, that appellant had the same opportunity for performance and equal knowledge of the consequence of nonperformance, as the plaintiff.

Judgment affirmed.

Moss, C. J., and BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.