## 23300

TRI-COUNTY ICE AND FUEL COMPANY, Respondent v. PALMETTO
ICE COMPANY and P&H Company, Inc., doing business as Palmetto
Ice Company, Appellants.

(399 S.E. (2d) 779)

Supreme Court

*Charles E. Carpenter, Jr.* and *Deborah L. Harrison,* both of *Richardson, Plowden, Grier & Howser,* Columbia, *for appellants.*

*Fleet Freeman,* of *Bernstein and Freeman, P.A.,* Charleston, *for respondent.*

Heard Oct. 22, 1990.

Decided Dec. 10, 1991.

HARWELL, Justice:

This case arises out of an action for conversion. The issues involved are whether a default judgment entered against a trade name can be amended to substitute the name of the corporation who owns and operates the business operating under the trade name, and whether there are grounds to vacate the default judgment.

## I. FACTS

On August 14, 1986, respondent Tri-County Ice & Fuel Company (Tri-County) filed a summons and complaint against Palmetto Ice Company asserting a cause of action for conversion of an ice box. On August 27, 1986, the summons and complaint were served on George Helmly as president of Palmetto Ice Company. No response was made to the summons and complaint. Tri-County motioned for default and on October 30, 1986 received a default order. On December 2, 1986, George Helmly was served with the default order. On July 15, 1987, an Order of Reference to the master-in-equity and a letter advising Helmly of the time, date, and place of the damages hearing, were served on Helmly. At the damages hearing, the master-in-equity awarded Tri-County actual damages in the sum of $8,415.60, and punitive damages in the sum of $25,246.80.

After Tri-County attempted to execute its judgment, Palmetto Ice Company filed a motion to vacate the judgment on the grounds that Palmetto Ice Company was not capable of being sued and any judgment against it was void, as Palmetto Ice Company was not a legal entity, but merely a trade name. For the first time, Tri-County was informed that Palmetto Ice Company was a business owned and operated by P&H Com-

pany, Inc., which was the actual corporate entity. Palmetto Ice Company also alleged that the default judgment was entered through mistake, inadvertence, surprise, or excusable neglect, in that Helmly, also the principal shareholder and president of P&H Company, Inc., was ill and incapable of handling his business affairs. Tri-County moved to amend the default judgment to substitute P&H Company, Inc. for Palmetto Ice Company as the defendant. In March, 1989, a hearing was held before a trial judge on Tri-County's motion to amend the judgment and P&H Company, Inc.'s motion to vacate the default judgment. The trial judge issued an order granting Tri-County's motion to amend and denying P&H Company's motion to vacate the judgment. We affirm.

## II. DISCUSSION

Palmetto Ice Company first argues that a default judgment entered against a business operating under a trade name cannot be amended to substitute as the defendant the name of the corporation who owns and operates the business. Tri-County moved to amend the judgment pursuant to Rule 60(a), SCRCP, which provides, in part:

> Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders.

The trial judge granted Tri-County's motion to amend pursuant to Rule 60(a), finding that Helmly had been properly served with the summons and complaint and with notice of all proceedings, but that Helmly had ignored them. The trial judge held that Palmetto Ice Company and P&H Company, Inc. were one in the same for the purposes of this action.

This Court has been faced with this issue in a number of cases and has allowed amendment of the record to substitute one name for another. *In Waldrop v. Leonard*, 22 S.C. 118 (1885), we addressed the issue of whether a judgment could be amended to change the name of an individual when the writ has served on the correct person. In *Waldrop* we considered whether such an error "should be considered a mere misnomer, or as going deeper and touching the very jurisdiction

of the Court." *Id.* at 120. We concluded that we agreed with the jurisdictions which held that:

> "where a party is served by a wrong name, and the writ is served on the party intended to be served and he fails to appear and plead the misnomer in abatement, and suffers judgment to be obtained by default against him in the erroneous name, he is concluded, and execution may be issued on the judgment in that name and levied upon the property and effects of the real defendant."

*Id.* at 127.

In *Tunstall v. The Lerner Shops, Inc.*, 160 S.C. 557, 159 S.E. 386 (1931), the plaintiff obtained a default judgment against "The Lerner Shops, Incorporated." As best as the attorneys could discover, this was the name of the business. After judgment, the plaintiff discovered that the correct name of the business was "Lerner Stores Corporation," and motioned to amend the judgment to insert this name. The defendant resisted this motion, denying this Court had authority to allow such amendment. In deciding that the motion to amend should have been granted, we noted that:

> a mere misnomer of a corporation defendant in words and syllables is immaterial, and a judgment in the action will bind it if it is duly served with process or appears and does not plead the misnomer in abatement. As a general rule the misnomer of a corporation in a notice, summons, notice by publication, garnishment citation, writ of certiorari, or other step in a judicial proceeding is immaterial if it appears that it could not have been, or was not misled.

*Id.* at 160 S.C. 563, 159 S.E. 388. *See also Olscheskу v. Houston*, 84 N.C. App. 415, 352 S.E. (2d) 884 (1987) (where service of process is made on party intended to be sued, a misnomer may be corrected by amendment); *Cunningham, Tallman, Pennington, Inc. v. Case-Hoyte Color Printers*, 174 Ga. App. 488, 330 S.E. (2d) 598 (1985) (where real defendant is properly served, plaintiff can amend to correct misnomer).

Helmly, who is the principal shareholder and president of P&H Company Inc., was served with the summons and com-

plaint and all other notices.[1] Helmly clearly knew that Tri-County intended to sue the corporation, P&H Company, Inc., but that Tri-County was under a misapprehension as to the identity of Palmetto Ice Company. Helmly was also aware that Tri-County had no way of ascertaining that Palmetto Ice Company was a trade name, as P&H Company, Inc. had not registered this assumed name with the Secretary of State. Yet, Helmly did not come forward to correct the misnomer, but chose to ignore it and rely on it to attack the validity of the judgment. As we stated in *Waldrop*, "where a defendant sued by a wrong name omits to plead in abatement and suffers the plaintiff to proceed to judgment, though he has never appeared to the wrong name, this Court will not interfere to set aside the proceedings." *Id.* at 123.

Under these circumstances, we find that the amendment was not so extensive as to substitute a new defendant, but was merely a correction of a clerical mistake in the name of the corporation. It is clear that P&H Company, Inc. and its president, Helmly, have not been misled to their prejudice as to the nature of the lawsuit. *See Long v. Carolina Baking Co.*, 193 S.C. 225, 8 S.E. (2d) 326 (1939) (judgment would not be invalidated against corporation which is incorrectly named where corporate defendant has suffered no prejudice); *Rollins v. Junior Miller Roofing Co.*, 55 N.C. App. 158, 284 S.E. (2d) 697 (1981) (if real party receives notice, no prejudice results in permitting him to be sued in trade or fictitious name). We agree with the holding in *Tunstall* that where "a corporation has acquired a name by usage an adjudication against it by the name so acquired is valid and binding." *Id.* 160 S.C. at 566, 159 S.E. at 389. *See also Carroll v. Equico Lessors*, 141 Ga. App. 279, 233 S.E. (2d) 255.(1977) (a corporation conducting business in a trade name may sue or be sued in the trade name). Thus, we conclude that a default judgment entered against a defendant in the name under which a business is being operated may be amended by changing the name of the defendant to the name of the corporation which operates the business.

---

[1] Except for the misnomer of P&H Company, Inc. as Palmetto Ice Company, the service on Helmly was proper under Rule 4(d)(3), SCRCP.

Palmetto Ice Company next argues that the default judgment should have been vacated pursuant to Rule 60(b), SCRCP. We disagree. Palmetto Ice Company first contends that the judgment should have been vacated pursuant to Rule 60(b)(4), SCRCP, which provides that the court may relieve a party from a final judgment which is void. We held that the action against Palmetto Ice Company was not a nullity, so we need not address this contention. Palmetto Ice Company next contends that the default judgment should have been vacated pursuant to Rule 60(b)(1), SCRCP, which provides relief to a party from final judgment on the grounds of mistake, inadvertence, surprise, or excusable neglect. To obtain relief from a default judgment, the movant must also show a meritorious defense. *Mitchell Supply Co. v. Gaffney*, 297 S.C. 160, 375 S.E. (2d) 321 (S.C. App. 1988).

A motion for relief pursuant to Rule 60(b)(1) is addressed to the sound discretion of the trial judge and will not be disturbed absent an abuse of discretion. *Mitchell Supply Co. v. Gaffney*, 297 S.C. 160, 375 S.E. (2d) 321 (Ct. App. 1988). An abuse of discretion arises where the trial judge was controlled by an error of law or where his order is based on factual conclusions that are without evidentiary support. *Id.* Palmetto Ice Company would have us believe that Helmly's neglect in not responding to the summons and complaint and other notices was due to the fact that he suffered from various illnesses around this time period. The record does reflect that Helmly had surgery several times and was ill. Helmly's deposition and his medical records show that he had a heart attack in October of 1985 and underwent heart surgery in December of 1985. However, the summons and complaint were served eight months after Helmly's heart surgery and Helmly admitted in his deposition that he had returned to work by the time the summons and complaint were served on him. Helmly's medical records reflect that three months before service of the summons and complaint, Helmly was working ten to fourteen hours a day and was doing extremely well. The only other evidence of Helmly's medical problems is the removal of several polyps in May of 1986 and May of 1987. This last surgery occurred nine months after the service of the summons and complaint, nearly six months after the service of the order of default, and two months prior

to the damages hearing. There is no evidence that these ailments caused any enduring incapacity. Furthermore, Helmly stated in his deposition that his sons helped him with his businesses during the time of his heart surgery and thereafter. We agree with the trial judge's ruling that Helmly failed to show excusable neglect as the medical evidence does not support Helmly's claim that he was incapacitated. We can find no semblance of a justification for Helmly's failure to protect his rights. Having concluded there is an insufficient factual basis for finding excusable neglect, we need not decide whether Palmetto Ice Company has shown a meritorious defense.

Palmetto Ice Company also argues that the judgment should be vacated because the damage award was unsupported by the evidence and excessive. However, the trial judge did not consider this issue. As this claim was not raised below, it will not be considered for the first time on appeal. *Hoffman v. Powell*, 298 S.C. 338, 380 S.E. (2d) 821 (1989). Accordingly, the order of the trial judge is

Affirmed.

GREGORY, C.J., and CHANDLER, FINNEY and TOAL, JJ., concur.