23883

TUOMEY REGIONAL MEDICAL CENTER, INC., Appellant
v. Joseph E. McINTOSH and Rhonda McIntosh, Respondents.

(432 S.E. (2d) 485)

Supreme Court

*Harold W. Jacobs* and *Julian Hennig, III,* both of *Nexsen, Pruet, Jacobs & Pollard,* Columbia and *M. M. Weinberg, Jr.,* of *Weinberg, Brown & McDougall,* Sumter, *for appellant.*

*David W. Goldman* and *Diane M. Rodriguez,* both of *Bryan, Bahnmuller, King, Goldman and McElveen,* Sumter, *for respondents.*

Heard Jan. 5, 1993; Decided July 6, 1993.

Reh. Den. July 27, 1993.

CHANDLER, Justice:

In this medical malpractice and collection action, Appellant, Tuomey Regional Medical Center (Hospital), appeals a jury verdict upon the counterclaim of Defendant-Respondents, Joseph and Rhonda McIntosh.

We affirm.

## FACTS

In May 1990, Hospital sued Mr. and Mrs. McIntosh for payment of hospitalization services and medications. The McIntoshes counterclaimed for medical malpractice, alleging that Hospital's negligent administration of a preoperative injection caused permanent nerve damage to Mr. McIntosh.

 to trial, the McIntoshes served the following Requests for Admissions upon Hospital:

1. On May 6, 1988, Joseph Earl McIntosh was an inpatient at Tuomey Hospital.
2. On May 6, 1988, at 7:50 a.m., Joseph Earl McIntosh *received a single intramuscular injection* combining Demerol 50 milligrams, Nembutal 100 milligrams and Atropine 0.6 milligrams while he was an inpatient at Tuomey Hospital.
3. *Said injection* of Nembutal, Demerol and Atropine was administered by Grace B. Prince, a registered nurse employed by Tuomey Hospital on May 6, 1988.
4. On May 6, 1988, Nurse Prince was an employee of Tuomey Hospital acting in the course and scope of her employment when she administered *said injection* to Joseph Earl McIntosh. (Emphasis supplied.)

Hospital initially admitted each of the requests. Subsequently, it moved to amend its answers to Requests 2, 3, and 4 relating to the single injection of combined drugs Nembutal, Demerol and Atropine. Nembutal is incompatible with Demerol and Atropine and, therefore, a single injection of these drugs is medically proscribed. In its amended answers to the Requests, Hospital, citing this incompatibility of the three drugs in combination, alleged that its admission of the single injection was made through inadvertence.

The court, in granting Hospital's motion to amend, ordered "that the Defendant [The McIntoshes] may submit *both* An-

swers made by the Plaintiff [Hospital]. . . ." (Emphasis supplied.)

Upon trial, the jury denied Hospital's collection claim and awarded the McIntoshes $81,000 on their medical malpractice counterclaim.

## ISSUE

Did the trial court err in publishing to the jury both the initial and amended answers to the "Requests for Admissions"?

## DISCUSSION

Hospital argues that it was reversible error for the court to publish both answers to the jury. We disagree.

Rule 36 SCRCP allows amendment of an admission in the discretion of the court when "the merits of the action will be subserved thereby and the party who obtained the admissions fails to satisfy the court that withdrawal or amendment will prejudice him. . . ."

Once an answer to a Request for Admissions is amended under Rule 36, both the initial answer and the amended answer may be published to the jury. The jury may consider the initial answers as evidence, while the party who made such answers "is free to explain why it was made and [amended]." Wright & Miller, *Federal Practice and Procedure:* Civil § 2264 at 745 (1970) (Footnotes omitted). Accordingly, the trial court correctly published both responses to the Requests for Admissions.

It was for the jury to weigh the evidence along with Hospital's answers and determine how many injections were administered. We note that there was abundant evidence showing that Mr. McIntosh was given only a single injection, including the nurse's notes on his patient chart:

Q. Now, my question to you is, do you have an opinion to a reasonable degree of nursing certainty whether Tuomey, in connection with it's injection of medication into Earl McIntosh on May the 6th of 1988, combined medications inappropriately?

A. According to the medical record, which is a legal document, that's for every hospital in this country, and also Tuomey's policy says it's a legal document. The way

it's charted *it indicates that only one shot was given,* and it's bracketed, meaning that *those things were grouped together.* (Emphasis supplied.)

Hospital further contends that the trial court erroneously instructed the jury concerning the Requests for Admissions. We disagree.

The court gave a general charge concerning requests for admissions, which was a correct statement of law. If Hospital wanted a further charge as to the effect of the amended answers, it was incumbent upon it to specifically proffer such a charge. *Ivester v. Family Pools,* 262 S.C. 67, 202 S.E. (2d) 362 (1974). However, Hospital failed to proffer an additional charge, either at trial or on appeal.

The remaining issues are affirmed pursuant to Rule 220(b)(1) and the following authorities: *Issue 3: South Carolina State Highway Dept. v. Wilson,* 254 S.C. 360, 175 S.E. (2d) 391 (1970); *Issue 4: Smoak v. Liebherr-America, Inc.,* 281 S.C. 420, 315 S.E. (2d) 116 (1984); *Tri-County Ice and Fuel Co. v. Palmetto Ice Co.,* 303 S.C. 237, 399 S.E. (2d) 779 (1990).

Affirmed.

HARWELL, C.J., and FINNEY, TOAL and MOORE, JJ., concur.