THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Xavier Bailey,       
Respondent,
 
 
 

v.

 
 
 
Renee Bailey,       
Appellant.
 
 
 

Appeal From Richland County
Rolly W. Jacobs, Circuit Court Judge

Unpublished Opinion No. 
2003-UP-123
Submitted January 10, 2003  Filed February 18, 2003 

DISMISSED

 
 
 
Renee Bailey, of Columbia; for Appellant.
Xavier Bailey, of Columbia; for Respondent.
 
 
 

 PER CURIAM:  Xavier Bailey (Husband) 
 and Renee Bailey (Wife) were granted a divorce on the basis of one years separation.  
 The family court judge ordered the following: that the parties alimony rights 
 be forever barred, the parties refrain from harassing each other, equitable 
 distribution of the marital assets (washer and dryer to Husband, household furniture 
 to Wife), and that Husband pay sum of $500 towards Wifes attorney fees.
Wife appeals the following: equitable distribution, 
 alimony, attorneys fees, and other issues.  Husband did not file a brief.
We dismiss Wifes appeal pursuant to Rule 
 220(b)(2), SCACR, and the following authorities:  Charles v. Jacobs, 
 6 S.C. 69 (1875) (holding that the record on appeal should bring clearly and 
 succinctly to the courts attention all necessary elements of the questions 
 on appeal); Crestwood Golf Club, Inc. v. Potter, 328 S.C. 201, 215, 483 
 S.E.2d 826, 834 (1997) (holding that the appellant has the burden of presenting 
 a sufficient record to allow review); Rule 209(h), SCACR (Except as provided 
 . . . the appellate court will not consider any fact which does not appear in 
 the Record on Appeal); Conran v. Joe Jenkins Realty, Inc., 263 S.C. 
 332, 210 S.E.2d 309 (1974) (holding that the appellant has the burden of showing 
 that the lower court erred in some respect; to do this, the appellant must place 
 in the record on appeal evidence sufficient to support his argument); Tunstall 
 v. Lerner Shops, Inc., 160 S.C. 557, 562, 159 S.E. 396, 388 (1931) (holding 
 that an appellate court cannot consider questions relating to points based on 
 facts not in the record on appeal).  Here, considering that the record on appeal 
 only consists of the family courts order and does not include any additional 
 information concerning, for example, Wifes standard of living since the separation, 
 this appeal must be dismissed due to an inadequate record on appeal. 
DISMISSED.
HEARN, CJ., GOOLSBY, and SHULER, JJ., 
 concur.