**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Ernest Bliey, Appellant,

v.

Linda Robinson and Herrington's, LLC, Defendants,

Of which Herrington's, LLC, is the Respondent.

Appellate Case No. 2016-001275

———

Appeal From Georgetown County
Benjamin H. Culbertson, Circuit Court Judge

———

Unpublished Opinion No. 2019-UP-218
Heard June 6, 2019 – Filed June 19, 2019

———

**AFFIRMED**

———

William M. Saltzman, of Merritt, Webb, Wilson & Caruso, PLLC, of Columbia, for Appellant.

Walker H. Willcox, of Willcox Buyck & Williams, PA, of Florence, for Respondent.

———

**PER CURIAM:** Ernest Bliey appeals the circuit court's order denying his Rule 60(a), SCRCP, motion to correct a clerical mistake, arguing the circuit court erred in finding Bliey's naming of "Herrington's, LLC" as a defendant did not constitute

a clerical error and that allowing Bliey to substitute other defendants would improperly alter the scope of the underlying judgment. Bliey also argues the circuit court erred in finding he failed to present sufficient evidence to vacate the judgment under Rule 60(b), SCRCP. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. The circuit court did not err in denying Bliey's Rule 60(a) motion because Bliey failed to provide any evidence that Herrington's performed work under any of the names Bliey sought to substitute as defendants, and the amendment would not have been a mere correction of an identified defendant's name. *See* Rule 60(a), SCRCP ("Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders."); *Tri-Cty. Ice & Fuel Co. v. Palmetto Ice Co.*, 303 S.C. 237, 241, 399 S.E.2d 779, 782 (1990) ("[A] default judgment entered against a defendant in the name under which a business is being operated may be amended by changing the name of the defendant to the name of the corporation which operates the business."); *Dion v. Ravenel, Eiserhardt Assocs.*, 316 S.C. 226, 230, 449 S.E.2d 251, 253–54 (Ct. App. 1994) ("Generally, a clerical error is defined as a mistake in writing or copying. As applied to judgments and decrees, it is a mistake or omission by a clerk, counsel, judge or printer which is not the result of [an] exercise of judicial function. While a court may correct mistakes or clerical errors in its own process to make it conform to the record, it cannot change the scope of the judgment." (citations omitted)); *Ex parte S.C. Dep't of Revenue*, 350 S.C. 404, 408 n.1, 566 S.E.2d 196, 198 n.1 (Ct. App. 2002) ("Rule 60 specifically provides for a party's relief *from* a judgment, not the enforcement of that judgment against non-parties."); *Tri-Cty. Ice & Fuel*, 303 S.C. at 241, 399 S.E.2d at 782 (holding the circuit court did not err in allowing the plaintiff to amend the name of the defendant because the amendment "was not so extensive as to substitute a new defendant, but was merely a correction of a clerical mistake in the name of the corporation"); *McClurg v. Deaton*, 395 S.C. 85, 86 n.1, 716 S.E.2d 887, 887 n.1 (2011) ([A] [m]emorandum in support of a motion is not evidence."). Further, even if it were relevant, we cannot consider the evidence Bliey sought to submit with his Rule 59(e), SCRCP, motion. *See Stevens & Wilkinson of S.C., Inc. v. City of Columbia*, 409 S.C. 563, 567, 762 S.E.2d 693, 695 (2014) ("[A] party cannot use a Rule 59(e) motion to advance an issue the party could have raised to the circuit court prior to judgment, but did not."); *Spreeuw v. Barker*, 385 S.C. 45, 68–69, 682 S.E.2d 843, 855 (Ct. App. 2009) (declining to consider evidence submitted only as an attachment to a Rule 59(e) motion, noting "it cannot be considered on appeal").

2. The circuit court did not err in denying Bliey's Rule 60(b), SCRCP, motion because Bliey did not provide any evidence of a justified mistake. *See* Rule 60(b), SCRCP ("On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . (3) fraud, misrepresentation, or other misconduct of an adverse party; . . ."); *BB & T v. Taylor*, 369 S.C. 548, 552, 633 S.E.2d 501, 503 (2006) ("The movant in a Rule 60(b) motion has the burden of presenting evidence proving the facts essential to entitle her to relief."); *Williams v. Watkins*, 384 S.C. 319, 324, 681 S.E.2d 914, 917 (Ct. App. 2009) ("In order to gain relief under Rule 60(b)(1), SCRCP, a party must first show a good faith mistake of fact has been made . . . ."); *Coleman v. Dunlap*, 306 S.C. 491, 495, 413 S.E.2d 15, 17 (1992) (stating that a party seeking relief from judgment under Rule 60(b)(1) on the ground of mistake "must make a showing that failure to avoid the mistake was justified"); *Raby Const., L.L.P. v. Orr*, 358 S.C. 10, 19, 594 S.E.2d 478, 482 (2004) ("[I]n order to obtain equitable relief from a judgment based on fraud, the fraud must be extrinsic."); *Robinson v. Estate of Harris*, 389 S.C. 360, 370, 698 S.E.2d 801, 806 (2010) ("If a judgment procured by extrinsic fraud could have been avoided if the challenging party exercised due diligence, a court generally will not grant relief from the judgment."); *Gainey v. Gainey*, 382 S.C. 414, 426, 675 S.E.2d 792, 798 (Ct. App. 2009) ("[A] party may not prevail on a Rule 60(b)(3) motion on the basis of fraud where he or she has access to disputed information or has knowledge of inaccuracies in an opponent's representations at the time of the alleged misconduct." (quoting *Raby Const.*, 358 S.C. at 20, 594 S.E.2d at 483)).

**AFFIRMED.**

**LOCKEMY, C.J., and SHORT and MCDONALD, JJ., concur.**