**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Andy Lee Rayburn, Respondent,

v.

David Dysart, Appellant.

Appellate Case No. 2017-001377

---

Appeal From York County
S. Jackson Kimball, III, Circuit Court Judge

---

Unpublished Opinion No. 2019-UP-225
Submitted June 1, 2019 – Filed June 26, 2019

---

**AFFIRMED**

---

Carrie H. O'Brien, of Walker Allen Grice Ammons & Foy, LLP, of Charlotte, NC, for Appellant.

John Richards McCrae, III, of Morton & Gettys, LLC, of Rock Hill, for Respondent.

---

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *Roche v. Young Bros. of Florence*, 318 S.C. 207, 209-10, 456 S.E.2d 897, 899 (1995) ("We have never required exacting compliance with the rules to effect service of process."); *id.* at 210, 456 S.E.2d at 899 ("Rather, we inquire whether the plaintiff has sufficiently complied with the rules such that the court has

personal jurisdiction of the defendant and the defendant has notice of the proceedings."); *Griffin v. Capital Cash*, 310 S.C. 288, 292, 423 S.E.2d 143, 146 (Ct. App. 1992) ("As a general rule[,] the misnomer of a corporation in a notice, summons, or other step in a judicial proceeding is immaterial if it appears the corporation could not have been, or was not, misled."); *id.* ("The misnomer of a corporation has the same effect as the misnomer of an individual."); *Tri-Cty. Ice & Fuel Co. v. Palmetto Ice Co.*, 303 S.C. 237, 240, 399 S.E.2d 779, 781 (1990) ("[W]here a party is served by a wrong name, and the writ is served on the party intended to be served and he fails to appear and plead the misnomer in abatement, and suffers judgment to be obtained by default against him in the [erroneous] name, he is concluded, and execution may be issued on the judgment in that name and levied upon the property and effects of the real defendant." (quoting *Waldrop v. Leonard*, 22 S.C. 118, 126-27 (1885))); *Sundown Operating Co. v. Intedge Indus., Inc.*, 383 S.C. 601, 606, 681 S.E.2d 885, 888 (2009) ("The decision whether to set aside an entry of default or a default judgment lies solely within the sound discretion of the trial [court]."); *id.* ("The trial court's decision will not be disturbed on appeal absent a clear showing of an abuse of that discretion."); *Tri-Cty. Ice*, 303 S.C. at 241, 399 S.E.2d at 782 (finding an amendment of a default judgment to correct the defendant corporation's name "was merely a correction of a clerical mistake"); *id.* (affirming the amendment without remanding to allow the defendant the opportunity to file a responsive pleading).

**AFFIRMED.**[1]

**WILLIAMS, GEATHERS, and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.